CONNER v. ANDREWS LAND, HOME & IMPROVEMENT COMPANY.

[No. 19,944.    Filed March 18, 1904.]

APPEAL AND ERROR.—*Harmless Error.*—Where it is apparent that the judgment is based upon a good paragraph of complaint, error in overruling a demurrer to a bad paragraph of complaint is harmless. *p. 345.*

SAME.—*Pleading.—Motion to Strike Out.*—Available error can not be predicated upon the action of the court in overruling a motion to strike out parts of a pleading. *p. 348.*

TRIAL.—*Special Findings.—Motion to Modify.*—A motion to modify the special findings and conclusions of law is not authorized. *p. 348.*

SAME.—*Special Findings.—Exception to Conclusions of Law.*—An exception to the conclusions of law admits, for the purpose of the exception, that the facts have been fully and correctly found. *p. 349.*

NEW TRIAL.—*Excessive Damages.—Action on Contract.*—An assignment in a motion for a new trial that the damages are excessive presents no question in an action arising out of contract. *p. 350.*

APPEAL AND ERROR.—*Briefs.—Evidence.—Supreme Court Rules.*—A statement in a brief, after reciting the evidence of a witness, that the evidence of another witness mentioned "was similar," was but a conclusion, and not a recital "in narrative form" of the particular evidence as required by Supreme Court rule twenty-two. *p. 350.*

CONTRACTS.—*Breach.—Parol Evidence.—Harmless Error.*—In an action by an improvement company for damages for breach of contract whereby defendant had, in consideration of the conveyance to him by plaintiff of certain described lots, the payment of a bonus of $6,000, and the execution of notes amounting to $4,000, agreed to construct and equip a factory for the manufacture of cabinet wares, such factory to contain at least thirty machines, defendant was not prejudiced by the admission of evidence that defendant represented, prior to the execution of the written contract, that the thirty machines would employ 100 men, but for certain reasons assigned the number of men to be employed was not stated in the contract, where it was shown that the operation of

thirty machines would require about 100 men, that defendant operated only ten machines and employed only from two to eleven men, and thereby disclosed a clear breach of the contract.  *pp. 350–352.*

From Superior Court of Allen County; *J. H. Aiken,* Judge.

Action by the Andrews Land, Home & Improvement Company against Ovid W. Conner. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. D. Conner, J. M. Barrett* and *S. L. Morris,* for appellant.

*U. S. Lesh, Eben Lesh, J. S. Branyan, Milo Feightner, J. B. Kenner* and *Henry Colerick,* for appellee.

Jordan, J.—Appellee upon a special finding of facts in the lower court recovered a judgment whereby it was awarded, among other things, $6,000 as damages. From this judgment appellant appeals, and relies on the following alleged errors for a reversal: (1) Overruling his motion to strike out parts of the second paragraph of the complaint; (2) overruling a demurrer to the first paragraph of the complaint; (3) error in the conclusions of law; (4) overruling motions to modify certain conclusions of law and finding of facts; (5) denying a motion for a new trial. The complaint is in two paragraphs and a demurrer to each was overruled. The answer was a general denial.

The following appear to be substantially the facts as alleged in the first paragraph of the complaint: On July 10, 1899, appellant and appellee entered into a contract in writing, by the terms of which it was agreed that appellee should convey to appellant certain real estate situated in the town of Andrews, State of Indiana, embracing lots numbered fifty-seven to sixty-eight inclusive, in Cubberly & Bell's addition, and also pay him $10,000, $6,000 of which was to be in cash, labor, or material, and $4,000 in two promissory notes of equal amount, containing certain

specified conditions; in consideration of which appellant was to construct on said real estate factory buildings of given dimensions, and to equip said buildings by placing therein at the start not less than thirty new, or equivalent to new, machines, and an engine of sufficient power to operate the same, and to add thereto from time to time as the business might require. By the terms of said contract it. was further stipulated that said notes were to be deposited in the First National Bank of Wabash, Indiana, one to be paid within sixty, and the other ninety days after the said buildings had been completed and the machinery placed therein and in operation; that on the failure on the part of appellant to equip said buildings with said machines or to operate the same, or should he abandon said business or cause said machines to be removed at any time within five years, then the title to said lots should revert to appellee. The lots were duly conveyed to appellant, and $6,000 was paid to him in cash, labor, and material, and said notes were duly executed. Appellant caused said buildings to be constructed, but failed to place therein thirty new and good machines as required of him. He also failed to operate said factory in substantial compliance with the terms of said contract, but, on the contrary, abandoned the business for which the factory was constructed. It is further averred that the aforesaid notes were transferred by appellant to Taylor, Dick & Dick; that by failure on appellant's part to comply with the terms of the contract said notes have become inoperative and void, and title to said property has reverted. A reconveyance was duly demanded, but refused. The prayer is for the cancelation of said notes and the deeds of conveyance, and that appellee be declared the owner of said lands. Copies of the contract and notes were filed with the complaint.

The second paragraph of the complaint differs from the first in that it alleges, in addition to the averments in the

first, that the purpose of appellee company was to promote the general good and prosperity of the town of Andrews by aiding in the location of factories, which would furnish employment to a large number of citizens at remunerative wages; that with this end in view it obtained a large number of donation contracts and leases, from the proceeds of which it proposed to reimburse itself for any bonus paid out as an inducement for the location of a factory. A large amount of these subscription contracts and leases contained a specific stipulation that the money or rentals should be payable only upon the location of a factory and the operation thereof with not less than one hundred employes; "that at the time said contract was entered into between plaintiff and said Conner, and before the signing thereof, the plaintiff informed the defendant of the manner in which it proposed to raise the money to reimburse and repay itself for the time and money by it to be expended, and of the stipulation in such contracts of subscriptions and leases as to the employment of one hundred men in such factory, and insisted that such stipulation be also inserted in the contract with him. Conner thereupon stated that it would require from three to four men to operate each of the thirty machines specified in the contract, and as the contract required the placing in said factory of at least thirty machines, and the operation thereof, that this would require at least one hundred men to operate said factory, and that the provisions in the contract were substantially equivalent to the proposed clause. He represented to the plaintiff that he did not desire to have a direct stipulation in said contract requiring him to operate such factory by the employment of one hundred men, because said contract had to be recorded in a public record, and that his employes would thereby learn of such stipulation, and take advantage thereof in demanding higher wages, else go on a strike and thereby reduce the number of employes below the requirement of said contract. To con-

vince plaintiff that it would require at least one hundred men to operate said machines, he requested plaintiff to send a committee to the factory at Wabash, Indiana, known as the Underwood Factory, where he represented they would find machines in operation identical with those with which he proposed to equip said factory, to ascertain how many men it would require to operate said machines. Plaintiff thereupon did send such committee to said factory at Wabash for said information, and was informed by the foremen thereof that said representations were true, and that it would in fact require one hundred men to operate such machines. Plaintiff believed these representations, and relied thereon in signing and delivering such contract, and with this understanding and belief the plaintiff signed and delivered said contract. It is alleged that such representations were fraudulently made by said Conner, and at the time he made the same he did not intend to employ one hundred men in such factory, and falsely represented such purpose only to induce plaintiff to execute said contract, and thereby get the said property and moneys from the plaintiff." The breach of said contract is then fully charged, whereby appellee became "unable to collect said donations and subscriptions and rentals from leases in a large sum, to wit, about $12,000," and that the appellee sustained damages thereby in the sum of $10,000, for which judgment was prayed in addition to the relief sought by way of forfeiture of title to said lands and the cancelation of said notes.

The written contract referred to in each paragraph of the complaint, and entered into between appellant and appellee, omitting the signatures of the parties and the formal parts, is as follows: "In consideration of the sum of $10,000 to be paid me by the Andrews Land, Home & Improvement Company, as hereinafter stated, and the conveyance to me by good and sufficient warranty deed or deeds (a perfect title to be shown by an abstract to be fur-

nished to me by you) of the following described real estate, situate in the town of Andrews, in the county of Huntington, in the State of Indiana, to wit: Lot Nos. 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68 in the Cubberly & Bell's addition to Andrews, I agree to construct a building or buildings for the purpose of manufacturing fine cabinet wares and other specialties upon the above described real estate, one building forty-eight by one hundred feet with basement for shafting and machinery, constructed with brick with stone foundation. One building forty by one hundred, two stories of wood and corrugated iron or of equal floor area on stone foundation. In addition to this I will build an engine and boiler room of sufficient size for an engine of sufficient power to operate said factory with which I agree to equip said room. At the start I will place in the building or buildings not less than thirty new machines, or those in proper condition, and add thereto, as in my judgment the business will justify, additional machines, and such other buildings as additional machines and the increasing business will require. The foregoing $10,000 shall be paid to me as follows: Six thousand dollars in cash to be paid me in labor, material, and cash during the construction of said building or buildings. I agree to accept such work and labor and material as I may need in the construction of said building or buildings as you may be able to furnish, which must be of the kind and quality which I demand and must be furnished at the market price. And whatever work and labor and material are furnished as stated and accepted by me shall be credited upon said $6,000 aforesaid, and the balance paid in cash as demanded aforesaid. Four thousand dollars, which is to be represented by two notes of $2,000 each, to be deposited in the First National Bank of Wabash, $2,000 to be paid within sixty days and $2,000 to be paid within ninety days after said building or buildings are com-

pleted and the machinery aforesaid is placed therein and in operation. Said $10,000 is to be acceptably secured and paid by you to me under the terms of this contract and proposition aforesaid. If within any time within five years I abandon the business or cause the machinery to be removed from said buildings, the lots and the buildings thereon shall revert to you, if you so elect. You are to furnish the right of way for railroad switch. You are to guarantee that I can contract for and have delivered promptly native lumber at $10 per thousand feet to be used in building (only such as you furnish on subscription), good building brick delivered on ground at $5 per thousand. That limestone laid in good lime mortar at $1.50 per perch. I will have the building insured, and in case of loss within five years will pay same to you unless I shall reconstruct within six months. In letting the contract for the foregoing named building, I will give you the preference on a contract for the same at the same price others will do it for. Andrews, Indiana, July 10, 1899."

The two promissory notes mentioned in the complaint and sought to be canceled are identical, except as to the date of maturity, the first of which reads as follows: "$2,000. Andrews, Indiana, April 7, 1900. The Andrews Land, Home & Improvement Company promise to pay to Ovid W. Conner, or order, the sum of two thousand dollars, payable within sixty days after the buildings are completed and the machinery is placed in said buildings and in operation as provided in a certain written contract, executed on the 10th day of July, 1899, by and between said company and said Conner. For value received and without relief from valuation or appraisement laws and with attorney's fees." The signatures of the parties are omitted.

Taylor, Dick & Dick filed a cross-complaint thereby seeking to recover judgment on the notes, to which appellee filed an answer, pleading, in substance, the same facts alleged in the complaint. The court, at the request of the

parties, made a special finding of facts and stated its conclusion of law thereon.

The facts found by the court follow and support in the main those alleged in the second paragraph of the complaint. In fact it is apparent that the judgment of the court rests on this paragraph; therefore we need not consider the sufficiency of the first, for, if the trial court erred in overruling the demurrer thereto, such error, under the circumstances, would be harmless to appellant. *Illinois Cent. R. Co. v. Cheek,* 152 Ind. 663, and cases cited.

By the first paragraph of the special finding the court finds that the plaintiff (appellee herein) is a corporation organized under the laws of the State of Indiana, and that its purpose was to promote the general good and prosperity of the town of Andrews, Indiana, and the citizens thereof, by aiding in the location and construction of factories at or in said town, which would furnish employment to a number of its citizens and laboring men; that with this end in view, on the 10th day of July, 1899, it entered into the contract with the defendant as set out in the complaint. A copy of the contract is set out and embodied in the special finding.

The second paragraph of the finding recites that under the averments of this contract there were conveyed to appellant the several lots described in the complaint, situated in the town of Andrews, Huntington county, Indiana.

The other paragraphs of the finding may, in a general way, be summarized as follows: Upon the conveyance to appellant of these lots he constructed the buildings as required, in which he placed at the beginning thirty machines, and thereafter added some others, but "only ten in all of them were adequate for the business contemplated by the contract." The further facts in respect to the execution of the subscription contracts and leases containing conditions requiring the employment of at least one hundred men, and the demand by appellee of appellant that a

clause be inserted in the contract requiring him to employ one hundred men, his explanation as to why he did not desire to insert such a clause, and his representations and statements made to appellant that the agreement therein to use thirty machines was, in effect, the equivalent of agreeing to employ one hundred men, as the use of that number of machines would require one hundred men to operate them, his suggestion and direction to appellee that it send a committee to the factory at Wabash, Indiana, to ascertain if it would not in fact require one hundred men to operate the thirty machines, the action of this committee and its report to appellee in regard to what it had ascertained at the Wabash factory, that appellee executed the contract in suit relying on said statements, and that both parties intended and agreed thereby that the factory should be operated with not less than one hundred men, are fully found by the court. The court also finds the payment of the $6,000 by appellee, except a small balance of $9, and the execution by it of the two notes for $2,000 each, as set out in the complaint. It is further found that the construction of the building was completed in November, 1899, except as to an extra floor which was placed therein in April, 1900, at which time all buildings were completed, and by April of the next year appellant had the aforesaid machinery placed therein and in operation.

The court finds in respect to the solicitation, upon the part of appellant, of orders, and the filling thereof, and the delivery of all products by him for which orders had been obtained. It is further found that appellant operated the factory continuously from the 8th day of April, 1901, to the commencement of this action, but that from said date he only employed therein from two to eleven men, as the business required, but at no time did he employ more than eleven men in operating said factory. It is also found that none of the machines placed in said factory had been removed, nor has appellant abandoned the business for

which said factory and buildings were constructed under the contract in question. The amount of money expended by appellant in operating the factory, the sum paid to him by appellee, and the amount paid by him for the machines, and their value, are facts also found. The court further finds that at no time since the execution of the contract in suit up to the time of the commencement of this action has appellant complied with said contract either as to the number of men employed or as to the number of machines to be operated in said factory; that by the averments of the contract in question the court found that appellant bound himself to operate the factory with not less than thirty adequate machines, which would require the services of one hundred men in their operation. At no time between the making of the contract in suit and the commencement of the action did appellant have or place in his factory more than ten adequate machines. The facts that appellant assigned the two notes executed by appellee to Taylor, Dick & Dick as collaterals for a loan of money obtained by him from those parties, who accepted the assignment of said notes with notice that appellee had a defense thereto, are all found by the court. It is further found that on June 25, 1901, appellee made a written demand on appellant for a reconveyance of the lots, with which he refused to comply, but no demand was made that he comply with the contract as to the number of men to be employed or the number of machines to be used. It is further found that from the date of the contract to the beginning of this suit more than a reasonable time had elapsed for the entering upon and performance by appellant, upon his part, of the contract. The court also finds that the damages suffered by the plaintiff by reason of the nonperformance of the contract by the defendant is $6,000.

Upon the facts found by the court it stated the following conclusions of law: (1) That the title to the real estate in controversy, and described in said contract in find-

ing number two, which title was vested in the defendant, does not revert to plaintiff by reason of the breach of the contract; (2) that the conditions upon which said two notes of $2,000 were given have not been complied with within a reasonable time, and they are without consideration, and are void, and should be canceled; (3) that by reason of the defendant's failure to comply with his said contract plaintiff has been damaged in the sum of $6,000, which amount plaintiff is entitled to recover; (4) that upon the payment of said amount as herein adjudged the title to said real estate shall vest in said Ovid W. Conner, free of all claims of plaintiff by virtue of said contract.

Appellee excepted to the first and fourth conclusions of law, and appellant reserved exceptions to the second, third, and fourth, and over his motion for a new trial the court rendered judgment to the effect that the plaintiff recover of the defendant $6,000, together with costs, and further adjudged and decreed that on the payment of this judgment the defendant's title to said real estate conveyed to him by plaintiff be quieted. It was also decreed that the two promissory notes of $2,000 each, held by the cross-complainants, Taylor, Dick & Dick, should be canceled, and that the plaintiff recover costs from these cross-complainants. The latter parties apparently abide by the judgment rendered against them, and decline to join in this appeal.

The first contention of appellant is that the court erred in denying his motion to strike out certain parts of the second paragraph of the complaint. It has been universally held by this court that overruling a motion to strike out parts of a pleading does not constitute available error.

Appellant's motion to modify some of the special findings and conclusions of law thereon was properly denied for the reason that such procedure is not authorized. *Chicago, etc., R. Co.* v. *State, ex rel.*, 159 Ind. 237; *Smith* v. *Barber*, 153 Ind. 322.

It is next insisted that the court erred in its second conclusion of law, whereby it is stated that the conditions upon which the two notes in suit, of $2,000 each, were given had not been complied with within a reasonable time, and that these notes were without consideration, void, and should be canceled. Enos T. Taylor, Julius Dick, and Jacob Dick were the holders of these notes under an assignment for value by appellant. Appellee made these holders of the notes parties defendants to this action. They appeared and filed a cross-complaint seeking to recover upon the notes, alleging therein that they were the holders thereof for a valuable consideration. Issues were joined between appellee and them. The second conclusion of law was at least adverse to these defendants. This conclusion is justified by the facts found, and appellant's exception thereto was properly overruled.

He further complains of the third conclusion, wherein it is stated that the plaintiff, by reason of the defendant's failure to comply with the contract in suit, had been damaged in the sum of $6,000. It is claimed that there is no finding to sustain this conclusion. By the twenty-third paragraph of the special finding the court expressly finds that the plaintiff, by reason of the nonperformance of the contract by the defendant, is damaged in the sum of $6,000. This was a finding of a fact. *Blair* v. *Blair,* 131 Ind. 194. By excepting to the conclusions of law appellant admitted that the facts had been fully and correctly found by the court. *Louisville, etc., R. Co.* v. *Miller,* 141 Ind. 533, and cases cited; *Blair* v. *Curry,* 150 Ind. 99.

Appellant complains of the fourth conclusion of law by which the court adjudged that, on the payment of the damages awarded to appellee, appellant should hold the real estate free from all claims by virtue of the contract. Conceding, without deciding, as appellant contends, that this conclusion was not justified by the facts, nevertheless it is

apparent that he was not injured or harmed thereby. Hence he has no grounds for complaint.

The reasons assigned in appellant's motion for a new trial and discussed by his counsel in this appeal are (1) that the damages are excessive; (2) that the evidence is not sufficient to support the finding of the court; (3) error of the court in admitting certain evidence. In regard to the assignment in the motion for a new trial that the damages are excessive, it may be said that such an assignment in an action as is this, arising out of a contract, presents no question for consideration. *White* v. *McGrew,* 129 Ind. 83; *Smith* v. *Barber, supra.*

Appellant in stating the evidence in his brief has not complied with the requirements of rule twenty-two of this court. In several instances, after reciting the evidence of certain witnesses, it is asserted that the evidence of another witness mentioned "was similar." This was but a conclusion and not a recital "in narrative form" of the particular evidence as required by the above rule. Under the circumstances, therefore, appellant is not in a position to demand as a matter of right a review of the evidence by this court in order that it may determine its sufficiency to sustain the special finding. But, notwithstanding appellant's failure to comply with the rule in question, we have examined and considered the evidence and find that it supports the special finding and judgment.

It appears that at the trial the court, over the objections of appellant, permitted appellee to introduce evidence to show, in effect, that before the execution by the parties of the contract in question appellee demanded that a provision be inserted therein whereby appellant would expressly agree to employ in his factory one hundred men, and insisted that it would not execute the contract in the absence of such a clause. Appellant, it appears, refused to comply with this request, stating that he would not stipulate directly in the contract to employ that number of

men, for the reason that the contract when executed would be recorded in the public records, and his employes would thereby be apprised that he had expressly bound himself to employ one hundred men, and would be induced to strike for higher wages knowing that he was bound under the contract to employ that number of men. He stated to appellee that inasmuch as he would agree in the contract to place or operate thirty machines, this would necessitate the services of one hundred men to run that number. Appellee's representatives stated to him that they were not familiar with the machines proposed to be operated, and did not know how many men that number would require. He then suggested that they send a committee to a factory at Wabash, Indiana, where machines similar to those proposed to be placed in his factory were in use, and that they would there ascertain that thirty machines would require one hundred men to operate them. This committee was sent to the factory at Wabash, as suggested by him, and ascertained there that the statement which he made was correct, and that thirty machines of the kind proposed to be placed in the factory would require the services of one hundred men in their operation. This appears to have satisfied appellee, and it stated to appellant that it would execute the contract without the express stipulation being inserted therein in regard to the employment of one hundred men as it had previously demanded.

Counsel for appellant contend that this evidence was improperly admitted, for the reason that the contract in suit was complete on its face, and that parol evidence could not be received to vary, contradict, or add to its terms or provisions. There can be no controversy as to the correctness of this general rule of evidence, to which, however, the law recognizes exceptions. But as to whether the court erred or not in admitting this evidence is, in our judgment, under the facts, entirely immaterial, for, to say the least, appellant was not prejudiced thereby in any of his sub-

stantial rights. This evidence may be stricken out and rejected altogether and still the judgment of the court on the question of damages can be upheld. In fact, there is evidence given on the trial which proves that the operation of thirty machines by appellant would have required the employment of seventy-five to one hundred men. The findings of the court, which are amply supported by the evidence, disclose a clear breach of the contract. Appellee is shown to have paid to appellant $6,000 as a part of the bonus, in labor, material, and money in the construction of the factory, and this is the amount of damages awarded to it. It is disclosed that instead of operating thirty machines, as he agreed, he operated only ten, and employed in the factory from two to eleven men only. If he, under the circumstances, were suing appellee to recover the $6,-000 which it had agreed to pay, certainly, in order to prevail, he would be required to establish that he had performed the conditions imposed upon him under the contract. Why, then, under the facts, should he be permitted to defeat appellee in recovering back the $6,000 which it paid to him in the faith that he would perform the conditions of the contract as he had agreed?

We have fully examined and considered all the points discussed by counsel for appellant, and are satisfied that the latter has no just grounds for a reversal of the judgment.

Finding no available error, the judgment is therefore affirmed.