## BRADLEY ET AL *v*. HARTER.

[No. 6,751. Filed February 15, 1911. Rehearing denied June 30, 1911. Petition to transfer dismissed October 31, 1911.]

1. APPEAL.—*Briefs.—Failure to set out Questioned Pleadings or Evidence.*—A failure by appellants to set out in their brief the questioned pleadings, or the evidence, or its substance, constitutes a waiver of all questions thereon; and a mere reference to the place in the transcript where such pleadings, or evidence, may be found, is not sufficient. p. 543.

2. APPEAL.—*Briefs.—Omission of Special Findings.—Supply by Appellee.*—Questions on the special findings in a case will be considered, although such findings are not set out in appellant's brief, where appellee set them out in his brief. p. 543.

3. APPEAL.—*Briefs.—Special Findings.—Evidence.—Failure to set out.—Presumptions.*—Where appellants' brief fails to set out the evidence, or the substance thereof, the presumption is that the special findings were supported thereby. p. 545.

4. TRIAL.—*Special Findings.—Failure to Find Fact.—Effect.*—A failure to find a fact constitutes a finding against the party having the burden of proving such fact. p. 546.

5. VENDOR AND PURCHASER.—*Contracts.—Sales of Lots.—Improvements.—Special Findings.*—Special findings that a vendor con-

Bradley v. Harter—48 Ind. App. 541.

tracted with three purchasers to convey to them at or before the expiration of three years certain land by them to be platted, agreeing that as they sold the lots platted therefrom to execute deeds therefor and to credit the purchase price thereof to such purchasers, that he further agreed to advance the money necessary for certain street improvements, charging the amount used in addition to the original purchase price, that the interest of two of such purchasers was purchased by two others, that the remaining one of the original purchasers executed an interest-bearing receipt for money advanced, that such purchaser had power to receive and expend money for such improvement, that he did not have power to execute such receipt, that such vendor had notice thereof, that the vendor performed all parts of the contract to be performed on his part, and that such sum so advanced has never been repaid to the vendor, and is due, sustain conclusions of law in favor of the vendor. p. 546.

From Superior Court of Madison County; *Cassius M. Greenlee*, Judge.

Action by Jacob H. Harter against Austin F. Bradley and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Walker & Foster* and *Roby & Watson*, for appellants.
*Bagot & Bagot*, for appellee.

IBACH, J.—This action was instituted by appellee to recover from appellants the sum of $3,019.95, with interest from December 7, 1891, alleged to have been paid by appellee on account of the improvement of Fourteenth street, in Englewood addition to the city of Anderson. Upon issues formed, the cause was tried by the court, and, by request, a special finding of facts was made, and conclusions of law were stated thereon in favor of appellee. Over appellants' motion for a new trial, judgment was rendered, that appellants take nothing by the cross-complaint, and that appellee recover on his complaint.

Appellants, by their assignment of errors, seek to question the sufficiency of various pleadings, and, under their motion for a new trial, the sufficiency of the evidence to sustain the special findings, and certain rulings on the exclusion of evidence.

It is insisted by appellee that no question is presented on these assignments, as appellants have failed to set out in their brief so much of the record as presents the error 1. or objection relied on, in that none of such pleadings nor the demurrers thereto are set out, nor is the substance of any of them set out; that there is a failure to set out the evidence or the substance thereof. An examination of the briefs supports appellee's contention. It has been held many times that where briefs do not comply with the rules, as to the important matters here claimed to have been omitted, the errors based on such portion of the record will be deemed waived. *Shatz* v. *Alexandria Gas Co.* (1905), 35 Ind. App. 310; *Springer* v. *Bricker* (1905), 165 Ind. 532; *Talbott* v. *Town of New Castle* (1907), 169 Ind. 172; *Miedreich* v. *Frye* (1908), 41 Ind. App. 317; *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140. The rule is not satisfied by a mere reference to the place in the transcript where the alleged error may be found. *Ledbetter* v. *Coggeshall* (1906), 37 Ind. App. 124.

Appellants also have failed to set out in their brief the special finding of facts, the sufficiency and correctness of which is denied by them. This omission has been 2. supplied by appellee, and we therefore consider it. The substance of the special findings is as follows: That on October 20, 1891, appellee entered into a contract with Austin F. Bradley, Harvey B. Stout and Joseph A. McCoy, relating to the sale of some land, known as Englewood addition to Anderson; that Fourteenth street was one of the streets in said addition, and was at the time being improved; that one of the stipulations in the contract was that appellee should advance the expense of the improvement of said Fourteenth street, and the cost thereof should be charged to Bradley, Stout and McCoy; that appellee, under the contract paid for said improvement the sum of $3,019.95; that, while this work was in progress, McCoy assigned his interest in the contract to Bradley, and Bradley assigned a third interest in the

contract to appellant Cooper; that, as a part of the purchase price of said real estate, Cooper assumed the obligations of McCoy, under the contract, except the obligation to give notes for any balance that might be owing after three years; that, while the work of improving said street was still in progress, appellant Stout sold and transferred his interest to appellant Backus, and Backus likewise assumed the obligations of Stout, excepting the obligation to execute notes for the balance of the purchase money unpaid at the expiration of three years; that all the assignments were made with the approval and consent of appellee; that between December 7, 1891, and August 9, 1892, appellee paid for the improvement of Fourteenth street the sum of $3,019.95; that said amount was paid in various sums from time to time as the work progressed, and on August 9, 1892, appellant Bradley executed to appellee his receipt or contract concerning said money and payment as follows:

"Anderson, Indiana, August 9, 1891.
Received of Jacob H. Harter, $3,019.95, on account of Fourteenth street pay-roll, to draw interest at the rate of six per cent from December 7, 1891.
Bradley, Backus and Cooper, per A. F. Bradley."

That until August 9, 1892, the money needed for expenses connected with making said improvement was advanced by appellee, part of the time to Bradley and part of the time to Stout; that during the time of the first contract, a partnership existed between Bradley, Stout and McCoy; that after the purchase by Bradley of the interest of McCoy, a non-commercial partnership existed between Bradley and Stout, until Cooper was brought into the company; that from the time of the execution of the first contract with Cooper, until the contract was made with Backus, a noncommercial partnership existed, that involved all the interests of Bradley, Stout and Cooper, and their respective obligations and duties in and pertaining to said real estate and said contract; that from and after the execution of said contract between Brad-

ley, Stout, Cooper and Backus, until October 20, 1894, a noncommercial or nontrading partnership existed between them, and its business pertained to the matters involved in said contract, and the performance by said partnership of the parts thereof to be performed by said Bradley, Backus and Cooper, and said firm did business under the firm name of Bradley, Backus & Cooper; that Bradley had full power to receive and pay out money for the improvement of Fourteenth street; that appellee had, or might have had, notice and knowledge, at the time of the execution of the receipt of copy set out in the findings, that Bradley did not have power and authority to execute the receipt for himself and his associates, Backus and Cooper; that no part of the money advanced by appellee for the improvement of said street has ever been repaid to him; that he paid said sum pursuant to the provisions of the contract referred to in these findings, and, at the time of the commencement of his action, the amount was long-past due, and there is due to him from appellants the sum of $4,863.52. It is further found that plaintiff performed all the parts of the contract on his part to be performed, according to the terms thereof. Upon the foregoing facts, the court stated the following conclusions of law: "(1) The law is with plaintiff, and he is entitled to recover from defendants the sum of $4,500, together with his costs and charges laid out and expended, with relief from valuation and appraisement laws. (2) Defendants are entitled to take nothing on account of their cross-complaint."

A reversal is asked, for the reason that the evidence does not sustain the special findings. Appellants seek to challenge the finding of the court on the evidence, and

3. yet no statement of the evidence or copy of the findings is set out in their brief. We are able, from the brief, to find a few isolated portions of the evidence, but such are not sufficient to enable us to determine whether the

court failed to find all the necessary facts, or whether the evidence did not sustain those found. It is a recognized rule, however, that a failure to find any material fact is equivalent to finding against the party upon whom rests the burden of proving such fact. The trial court having found the facts as it did, we are required to presume that they are correct, and that they are founded upon the competent evidence produced at the trial. As the evidence does not appear in the brief, it must be concluded that there was no evidence contrary to the finding of the court. Such being the case, the facts found by the court fully sustain both conclusions of law.

Judgment affirmed.

## ON PETITION FOR REHEARING.

IBACH, J.—Appellants have filed an extensive and forceful brief in support of their petition for a rehearing. They contend that the court erred "in refusing to review and pass upon the assignment of error as to special finding seventeen, as being wholly outside of the issue." Said finding is as follows: "That the plaintiff performed all the parts of said contracts on his part to be performed, according to the terms thereof."

Appellants also claim that the court erred in failing to determine whether the special finding of facts sustains the first conclusion of law stated, which is as follows: "That the law is with plaintiff, and he is entitled to recover from defendants the sum of $4,500, together with his costs and charges laid out and expended in this action, with relief from valuation and appraisement laws." Appellants concede that the vital and controlling question is presented by the facts found and the conclusions of law stated. The questions raised by this petition for a rehearing were presented in the original briefs, and were considered by this court. We quote from the original opinion: "Such being the case, the facts found by the court fully sustain both the conclusions of law."

We have, however, again carefully examined the briefs presented by appellant, together with the record before us, and we observe that the trial court found that appellee "performed all the parts of the contract on his part to be performed; that he provided, and paid to appellants, the money for the improvement of Fourteenth street; that the street was improved, and appellee charged the cost thereof to appellants; that said amount is unpaid." Whether this finding is within the issues is not for us to decide, as the issues have not been presented for the consideration of this court.

It is further insisted by appellant, that the provision in the contract for the improvement of Fourteenth street was not an independent contract, and that the money paid by appellee was not to be repaid until after the land contract had been disposed of. The contract between the parties stated particularly that the land—about fifty-eight acres, the actual amount to be determined thereafter—was sold by appellee to appellants for $1,000 an acre. It also contained the provision that if the land was not paid for, in the manner specified, within three years, appellants were to execute their note and mortgage to appellee for the unpaid balance of the agreed purchase price, and he was to convey to them the land remaining unsold. We find no mention that any money paid out by appellee for the improvement of Fourteenth street was taken into consideration in the final settlement for the sale and purchase of the land. The only manner in which the improvement of Fourteenth street is referred to in the contract, is that appellee was to make such improvement, and charge the expense thereof to the buyers of the property. There is no uncertainty in this contract, and it cannot be successfully claimed that the sum of money advanced for such improvement is to be taken as a part of the purchase price of the real estate, or is to be considered in closing up the agreement relating to the sale thereof.

It also appears from the findings, that when appellant Cooper became one of the company, he, together with ap-

pellants Bradley and Stout, entered into the following agreement:

> "It is further agreed that said Bradley and Stout will assume and pay all bills of every kind for surveying and platting, and for recording plats, etc., contracted by them up to this time, except the bills for advertising in the newspapers in Anderson, which bills are to be paid by the three parties hereto, each paying a third thereof, and likewise in the future, each party hereto is to furnish and pay a third of all expenses contracted in laying out said lands, grading streets, advertising and selling lots, and all other expenses connected with the selling of said land."

In addition to this, the findings show that when Backus bought into the firm, the following agreement was entered into between the appellants:

> "It is further agreed that said Stout is to pay his share of the bills due and debts contracted up to this time, except the debt contracted for the improvement of Fourteenth street, running through said land, and all bills made in the future are to be paid in equal amounts by Bradley, Cooper and Backus."

It must be conceded that the debt relative to the improvement of Fourteenth street was one to be paid to appellee by appellants, in addition to the land when the improvement was completed. This is fully found in the court's findings and in the record.

The court finds that the money, by means of which said street was improved, was advanced by appellee to appellants Stout and Bradley, before appellant Cooper became one of the firm. After Backus and Cooper entered the firm, said money was paid out by Bradley, for the improvement of the street. When the street was completed, and the cost thereof was known and paid, Bradley executed the following instrument to appellee:

> "Anderson, Indiana, August 19, 1892.
> Received of Jacob H. Harter $3,019.95, drawing interest at six per cent from December 7, 1891."

In view of these agreements, set out in the court's findings, and in view of the further findings that said sum of money was paid to appellants to be used in improving such street through the land purchased by them, in accordance with the terms of the original contract between the parties, and that said sum has never been repaid to appellee, the court was justified in stating the conclusions of law that it did, as they are supported fully by the facts as found. We are content to abide by the opinion formerly expressed on this point, which is the only one presented by the appeal.

Petition for rehearing overruled.