Jeffersonville School Tp. *v.* School City, etc.—50 Ind. App. 178.

merits of the question presented. We think the conclusion reached is amply supported by the authorities therein cited.

Petition for rehearing overruled.

NOTE.—Reported in 96 N. E. 190, 97 N. E. 124. See, also, under (1, 3) 18 Cyc. 114; (2) 3 Cyc. 164; (4, 5) 18 Cyc. 124; (6) 18 Cyc. 86; (7) 18 Cyc. 151; (8) 18 Cyc. 124, 168; (10) 3 Cyc. 455. As to the grounds effective for the removal of an executor or administrator, see 138 Am. St. 525.

## JEFFERSONVILLE SCHOOL TOWNSHIP, CLARK COUNTY, *v.* SCHOOL CITY OF JEFFERSONVILLE.

[No. 7,873. Filed November 28, 1911. Rehearing denied February 23, 1912. Transfer denied April 5, 1912.]

1. APPEAL.—*Briefs.—Must Set Out Errors Relied on.*—Errors assigned and argued, but not set out in appellant's brief, are considered waived. p. 181.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Transfer of Pupils.—Action for Tuition.—Recovery of Penalty.*—Under the provisions of the act of March 6, 1909 (Acts 1909 p. 331), in an action by one school corporation against another to recover tuition due on account of the transfer of pupils, where the evidence warrants a finding that tuition was due in the sum claimed and that there was a failure to pay same as provided in said act, the court must add a penalty of ten per cent to the amount found due. p. 181.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Transfer of Pupils.—Action for Tuition.—Motion for New Trial.—Excessive Recovery.—Appeal.*—In an action brought under the act of March 6, 1909 (Acts 1909 p. 331), to recover tuition due on account of the transfer of pupils, alleged error in overruling a motion for a new trial because the recovery is too large is unavailing on appeal against a judgment for plaintiff for the amount of the tuition and the statutory penalty of ten per cent, where there was evidence to warrant the court in finding that the tuition claimed was due and had not been paid as required by said act. p. 182.

4. APPEAL.—*Briefs.—Statement of Evidence.—Sufficiency.*—Where appellant set out in his brief certain questions and answers from the testimony of two witnesses, and a statement of what he deemed to be the substance of the testimony of other witnesses, including conclusions and argumentative statements, and omitted the names of many witnesses, there was no such compliance with the rule, requiring appellant's brief to contain a condensed recital

of the evidence in narrative form, as to raise any question upon the sufficiency of the evidence to sustain the decision of the court. p. 182.

5. NEW TRIAL.—*Motion.—Matters Properly Included.—"Decision Contrary to Law."*—As a general rule matters properly included in a motion for a new trial must relate to errors of law occurring at the trial, and an assignment in a motion for a new trial that "the decision is contrary to law" does not perform the office of an exception to conclusions of law stated upon a special finding of facts. p. 183.

6. APPEAL.—*Review.—Merits Fairly Tried.*—A cause will not be reversed where it appears that its merits have been fairly tried and determined in the lower court. p. 183.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by the School City of Jeffersonville against Jeffersonville School Township, Clark County. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Laurent A. Douglass,* for appellant.
*George H. Voigt,* for appellee.

ADAMS, J.—At the beginning of the school year of 1908, the School City of Jeffersonville admitted into its public schools 124 children of school age, residing in Jeffersonville township, outside of the city limits, some of whom were admitted to the high school and others to the grade schools. Certificates of transfer for 88 of the 124 children admitted were issued by the township trustee, and certificates of transfer for 36 were issued by the county superintendent. After the close of the school year in May, 1909, appellee made out and presented to the trustee of appellant statements, as required by law, showing a claim against appellant for tuition in the sum of $1,613.42. Demand for payment was made on the trustee and refused, and this action was brought to collect the amount shown to be due by the statements, together with the statutory penalty of ten per cent. On request the court made a special finding of facts and stated conclusions of law thereon, favorable to appellee.

The court found, in brief, that in the year 1908-9 there resided within Jeffersonville township a number of children

180          APPELLATE COURT OF INDIANA,

Jeffersonville School Tp. *v.* School City, etc.—50 Ind. App. 178.

who could better be accommodated in the schools of the city of Jeffersonville during the school year, beginning in September, 1908, and ending in May, 1909; that the parents and guardians of said children, prior to and during said school year, requested the trustee of the township for orders of transfer, which would entitle such children to attend the schools of appellee, under conditions prescribed by law; that the trustee granted transfers to certain of said children, and denied transfers to others; that such denials were not reduced to writing; that after the denial of such transfers, the parents and guardians of such children, for whom transfers were denied during the months of August and September, 1908, appealed their respective applications to the county superintendent of schools of Clark county; that the superintendent thereupon, and prior to the time said children were received in the schools of appellee, granted and made orders of transfer for said school year to all children for whom transfers were denied by the township trustee; that on or about December 5, 1908, the county superintendent reduced said transfers to writing, and the same were then delivered to the city schools corporation; that on November 12, 1909, the school trustee of appellee filed with the township trustee a complete statement, showing all the transfers given, the name of each child, the school corporation from which said child was received, together with a statement of the attendance of each, and the amounts due appellee by reason thereof; also a certified statement of the annual per capita cost of maintaining the schools which said transferred children attended during the year; that all the facts set forth in said statement were true, and it appears from the same that the school township was indebted to the school city, on account of tuition for the children so transferred, in the sum of $1,613.42; that on November 12, 1909, demand for payment was made on the trustee of the school township for the sum due, and payment thereof was then and there refused.

Other findings of the court show the number of children

transferred to the grade schools and the number transferred to the high school, together with the per capita cost of maintaining each school during the year.

It is found that there is due and unpaid from appellant to appellee the sum of $1,613.42, together with the statutory penalty of ten per cent—in all $1,774.76.

The court stated as its conclusions of law that appellant is indebted to appellee in the sum of $1,774.76, and that appellee is entitled to recover said amount from appellant, together with costs. Motion for a new trial was overruled, and judgment rendered on the conclusions of law. Motion to modify the judgment, by reducing the same in the amount of the penalty added, was overruled.

Under head of "Errors Relied upon for Reversal", appellant's brief designates, (1) the overruling of the motion to modify the judgment; (2) the overruling of appellant's motion for a new trial. Other errors are assigned and argued, but such errors must be considered waived. It was said in *King* v. *State, ex rel.* (1911), 47 Ind. App. 595, 93 N. E. 1082: "No rule is more important than the one which requires appellant to set out in his brief the errors upon which he relies for reversal. This is the first matter upon which the court on appeal wishes to be advised, and an appellant's brief is the court's only source of information." Our decision, therefore, will be limited to errors designated as relied on for reversal.

The first error calls in question the action of the court in adding ten per cent to the amount found due, as a penalty.

2. It is provided by the act approved March 6, 1909 (Acts 1909 p. 331), amending §6454 Burns 1908, that the trustee of the school corporation from which children are transferred shall pay to the trustee of the school corporation to which such transfers are made, on or before August 1, following the receipt of the statement showing the amount of tuition due, and in the event of failure to pay said tuition when due, a penalty of ten per cent shall attach from

182 APPELLATE COURT OF INDIANA,

Jeffersonville School Tp. *v.* School City, etc.—50 Ind. App. 178.

and after the first day of August of the year in which such tuition is due. If the court, under the evidence, was waranted in finding that there was tuition due from appellant to appellee in the sum claimed, and that appellant had failed to pay the same as provided in the above act, then it was the duty of the court to add a penalty of ten per cent to the amount found due.

The other error relied on for reversal is the overruling of appellant's motion for a new trial. This motion is based on the grounds that the decision of the court is not sustained by sufficient evidence, that the decision of the court is contrary to law, and that the amount of the recovery is too large. The cause for a new trial, that the recovery is too large, presents the same question raised by the first error, and is unavailing for the same reason.

3. 

Where the insufficiency of the evidence to sustain the decision of the court is relied on as cause for a new trial, the rules of this court require that appellant's brief shall set out a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely. The evidence set out in appellant's brief relates largely to a controversy in regard to the abandonment of a certain school in Jeffersonville township, with which this appeal is not concerned. The evidence was not set out in narrative form, but by certain questions and answers selected from the testimony of two witnesses. The testimony of other witnesses is not given in narrative form, but is a statement of what counsel deem to be the substance, referring to line and page of the record where the evidence appears. Included in the evidence are many statements which are clearly the conclusions of counsel, and other statements that cannot be considered in any other light than as argument on the evidence. The evidence given at the trial covers almost two hundred pages of the record, and many witnesses shown to have testified in the case are not named as witnesses in appellant's brief. This is not such a compliance with the rule as

4.

to raise any question on the sufficiency of the evidence. *Dillon* v. *State* (1911), 48 Ind. App. 495, 96 N. E. 171; *Bradley* v. *Harter,* 48 Ind. App. 541, 93 N. E. 1081.

The motion also assigns as ground for a new trial, that the decision is contrary to law. It is a general rule that matters properly included in a motion for a new trial must relate to errors of law occurring at the trial. It has been held that this assignment does not perform the office of an exception to conclusions of law stated on a special finding of facts. *Weaver* v. *Apple* (1897), 147 Ind. 304, 306, 46 N. E. 642; *Bundy* v. *McClarnon* (1889), 118 Ind. 165, 166, 20 N. E. 718. It has also been held that "the verdict is contrary to law" raises such errors occurring on the trial as have been carried into the verdict. *Berkey* v. *Rensberger* (1912), 49 Ind. App. 226, 96 N. E. 32. There was no error in overruling the motion for a new trial.

Moreover, the record in this appeal, we think, presents a case within the statutory mandate, that no judgment shall be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below. There is no insistence on the part of appellant that 124 children residing in the township were not given instruction in the schools of the city, or that the amount due, as shown by the statements rendered, was not correct. Appellant was represented in the trial court by able counsel, and there was not only a fair trial, but, we think, a just conclusion was reached.

The judgment is affirmed.

Note.—Reported in 96 N. E. 662. See, also, under (1) 2 Cyc. 1014; (4) 1913 Cyc. Ann. 222; (5) 29 Cyc. 957; (6) 3 Cyc. 443.