## ZINK *v.* ZINK.

[No. 8,385. Filed October 7, 1914.]

1. LIMITATION OF ACTIONS.—*Computation of Period.—Commencement of Action.—Cross-Complaint.*—A defendant may set up in a cross-complaint a cause of action which was not barred by the statute of limitations at the time plaintiff's action was filed and it can not become barred during the pendency of plaintiff's action; hence an answer to a cross-complaint, grounded on the statute of limitations, but failing to allege that the statute had run before the commencement of plaintiff's action, was insufficient. p. 678.

2. APPEAL.—*Briefs.—Failure to Set Out Evidence.*—No question is presented on alleged error in overruling a motion for a new trial on account of insufficient evidence, where appellant's brief does not contain a condensed recital of the evidence of all the witnesses. p. 678.

3. JUDGMENT.—*Motion to Modify.—Sufficiency.*—A motion to modify a judgment, to be sufficient, should state the reasons for the relief asked, and, unless it does, the overruling of same is not error. p. 679.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by Sarah A. Zink against Edward Zink. From a judgment for defendant upon his cross-complaint, the plaintiff appeals. *Affirmed.*

*Wm. H. Eichhorn* and *Edwin C. Vaughn,* for appellant. *Abram Simmons* and *Frank C. Dailey,* for appellee.

IBACH, P. J.—This was an action for divorce. Appellant filed a complaint against appellee in which she asked a divorce and settlement of all financial matters between the parties, and that appellee be required to state specifically certain pretended claims which he held against her.

The questions presented by this appeal arise upon the thirteenth paragraph of appellee's cross-complaint and the fourteenth paragraph of answer thereto. The thirteenth paragraph of cross-complaint was for money furnished to appellant to pay off a mortgage on her separate real estate, which she had agreed to repay to appellee. The court did not err in sustaining appellee's demurrer to the fourteenth paragraph of answer thereto, which averred that the cause of action sued on in the thirteenth paragraph of cross-complaint "did not accrue within six years before the commencement of the action alleged in said thirteenth paragraph of cross-complaint". There is no averment that the claim sued on in the cross-complaint did not accrue more than six years before the commencement of appellant's action. A defendant may set up in a cross-complaint a cause of action which was not barred by the statute of limitations at the time the plaintiff's action was filed, and such cause of action can not become barred by the statute during the pendency of the plaintiff's action. *Eve* v. *Louis* (1883), 91 Ind. 457, 469, 470.

Appellant also urges error in the court's overruling her motion for new trial on the issues presented by the cross-complaint. We need not decide whether this is such a case that a motion for new trial on a portion only of the issues is proper, since, in any event, appellant has failed to present any question as to this motion. The ground of this motion was the sufficiency of the evidence to sustain the decision. Appellant has failed to set out in brief, a recital of the evidence of all the witnesses, therefore has failed to present any question as to the sufficiency of the evidence. Rule 22, Rules Supreme and Appellate Courts of Indiana; *Welch* v. *State* (1905), 164 Ind. 104, 107, 72 N. E. 1043; *Jeffersonville School Tp.* v. *School City, etc.* (1912), 50 Ind. App. 178, 96 N. E. 662; *Conner* v. *Andrews Land, etc., Co.* (1903), 162 Ind. 338, 70 N. E. 376. Appellee, however, without fully supplying the omissions of appellant,

has set out in his brief evidence sufficient to support the court's decision.

It is assigned that the court "erred in refusing to modify the judgment". In this we do not agree with appellant. No proper motion to modify the judgment was made.

3. The only motion of any such character appearing in the record is a motion to modify the finding and judgment of the court. No reason is given why the judgment should be modified. Such a motion should state the reasons for the relief asked. *Borror* v. *Carrier* (1905), 34 Ind. App. 353, 372, 73 N. E. 123, and cases cited; *Douglas* v. *Indianapolis, etc., Traction Co.* (1906), 37 Ind. App. 332, 337, 76 N. E. 892.

No error appears, and the judgment is affirmed.

Note.—Reported in 106 N. E. 381. As to the nature and objects of cross bills, see 83 Am. Dec. 251. See, also, under (1) 25 Cyc. 1312; (2) 2 Cyc. 1015; (3) 23 Cyc. 876.