GILLESPIE *v.* HUNT ET AL.

[No. 27,074.  Filed May 24, 1938.]

*Edgar M. Blessing,* and *Harry Fine,* for appellant.

*Harding & Harding,* and *Glen N. Lyon,* for appellees.

TREMAIN, J.—This was an action filed in the Putnam Circuit Court by the appellees against the appellant to recover damages on account of alleged false and fraudulent representations as to the value and condition of a 183-acre farm owned by appellant in Putnam County, Indiana.

In February, 1930, the parties entered into a written

contract, made part of the complaint, for the sale of the farm, providing therein that appellees should pay to the appellant the sum of $1,500 on the execution of the contract and the sum of $500 each six months thereafter, until the total purchase price of $9,700 was paid in full; pay the taxes as they became due; have the use of certain farming implements owned by appellant, located on the farm during the year 1930, and then deliver the same to appellant; keep the premises insured for the benefit of appellant; and commit no waste thereon. Upon the payment of the purchase price in full, the appellant agreed to execute a warranty deed conveying the farm to appellees, but it was agreed, in case of default in the payment of the purchase price, the appellant should retain all sums paid to him by appellees for the use of the premises. Appellees entered into, and retained, possession of the real estate until December, 1933, when they abandoned it without notice to appellant, and filed this action for damages.

The appellant filed an answer to the complaint in three paragraphs. The first was a general denial. The second and third paragraphs alleged that the appellees, by their acts, conduct, and long delay in commencing the action, ratified and confirmed any alleged false representations made by appellant in the sale of the farm; that appellees occupied the same for a period of almost four years, and during that time made no complaint as to the condition of the farm; that appellees inspected the farm before they purchased it, and were familiar with its condition. Appellees filed a reply in general denial to the second and third paragraphs of answer.

In addition to his answer the appellant filed a counter-claim, in which he alleged that appellant and appellees entered into the written contract described in the plaintiff's complaint for the sale of the real estate, and upon the terms and conditions in said contract set forth, a

copy of which was made an exhibit to the counterclaim. It alleged that the appellees failed to keep their contract and to pay for the real estate, in accordance with the terms and stipulations thereof; that appellees paid $1,500 in cash upon the execution of the contract and the first installment of $500, due September 1, 1930, but failed and neglected to pay any further installments; that appellees used and occupied said farm, took and kept all of the fruits and products thereof for the years 1930, 1931, 1932, and 1933, failed and refused to make any further payments upon the purchase price of the land, failed to pay the taxes thereon for the years 1932 and 1933, and, without any notice to the appellant, on the — day of December, 1933, abandoned said premises.

It is alleged that, at the time of the execution of the contract, valuable buildings and improvements were located on the farm, all in good condition and repair; that appellant left upon said farm, for the use of appellees during the year 1930, certain described farm implements in good repair; that located on said farm at the time of the sale were large orchards of fruit trees in good bearing condition. It is alleged that, in violation of said contract, the appellees tore down and removed parts of said buildings and fences, describing them; destroyed the farm implements; failed and neglected to take care of and cultivate the large orchards, but permitted the same to become diseased, injured, and destroyed, all to the great damage and loss of appellant. A detailed description is given of the several items of neglect and damages upon the part of the appellees, and the amount of loss suffered by appellant thereby.

It is alleged in the counterclaim that, at the time of sale, the farm was of the fair cash market value of $9,700; that by reason of the appellees' continued possession thereof, and their negligent acts in failing to care for the farm, as required by the contract, and by reason

of the destruction of the property, the farm was of a value not to exceed $4,500 at the time it was abandoned, and cross-complainant demanded judgment.

The appellees filed a motion to strike the counterclaim of the appellant from the file, "for the reason that said pleading is not permitted either at common law or in equity or by statute; and joins no issue triable in this cause." A memorandum attached thereto recites:

"The attempted counter-claim is upon contract, and for breach thereof.

"Matters *ex contractu* cannot be pleaded to matters *ex delicto*. Nor to a tort action, can there be pleaded by way of counter-claim or set-off either matters based on tort or contract."

The court sustained the motion to strike the counterclaim. Error is predicated upon this ruling and is assigned as ground for reversal.

From the foregoing recital of the contents of the complaint and the counterclaim, it is apparent that both pleadings are based upon the same transaction and grew out of one and the same contract. As to whether a counterclaim may be filed in such action under Secs. 2-1015 and 2-1018 Burns' Ind. St. 1933, secs. 119 and 122 Baldwin's Ind. St. 1934, attention is directed to two recent cases which fully discuss these statutes and the law applicable to such pleadings: *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 195 N. E. 81; *Muir* v. *Robinson* (1933), 205 Ind. 293, 186 N. E. 289.

The grounds to strike out the counterclaim, relied upon by appellees, do not apply to the facts pleaded, nor do they apply when considered in the light of the statute pertaining to counterclaims. The court is not here considering the question of setting off one tort against a liability for damages arising from another tort. That is not the situation in this case. The situation here presented is one in which the controversy between the par-

ties may be settled in one action and thus avoid a multiplicity of suits. This is the design of the Code. It is not a question of pleading one set-off against another set-off, or a tort against a contract. No legal reason exists why the claims of both the plaintiffs and defendant may not be settled in the same action, since both claims involved a determination of the same questions of fact and the same contract. The authorities above cited fully sustain this conclusion.

On account of the error committed by the court in striking out the counterclaim the cause must be reversed. Other questions are assigned as error, but upon a trial where both the complaint and the counterclaim are under consideration, it is not likely that any error pressed for consideration at this time will arise in another trial.

Judgment reversed with instructions to overrule appellees' motion to strike out the counterclaim.