## GREVENSTUK *v.* HUBENY.

[No. 27,326. Filed January 23, 1940.]

*Charles M. Snyder* and *Halleck & Halleck,* for appellant.

*Galvin, Galvin & Luney* and *Fraser & Isham,* for appellee.

TREMAIN, J.—On the 25th day of August, 1935, about noon, the appellant was driving his V-8 Ford automobile east on State Highway No. 10. At the same time the appellee accompanied by his family was causing his Chevrolet automobile to be driven by his son south on preferential State Highway No. 55. These highways intersect at right angles in Newton County, at which place the automobiles collided.

Appellant sued appellee by a complaint in two paragraphs—one for damages to his automobile and the other for personal injuries charging negligence of appellee. Thereafter and within two·years, appellee filed an answer denominated a cross-complaint, but, in fact, a counterclaim, in which he claimed damages on account of injuries sustained by his wife because of appellant's negligence. Afterwards, in December, 1937, appellant filed an amended complaint, which was answered by appellee by filing a counterclaim and subsequently dis-

missing the cross-complaint theretofore filed. The appellant filed a motion to strike out the cross-complaint and counterclaim for the reason that the causes of action alleged in the appellant's complaint and in appellee's counterclaim were based upon a tort; that one tort cannot be pleaded against another; that the accident out of which both torts arose is the same but the negligence charged in each pleading is different and independent. It is further charged that the counterclaim was not filed within two years after the accrual of the cause of action. There was a demurrer based upon the same ground. Both the motion and demurrer were overruled. Issues were formed by a general denial to both complaint and counterclaim. The cause was submitted to a jury for trial, which resulted in a verdict for appellee on his counterclaim, assessing his damages in the sum of $750. Motion for a new trial was overruled and judgment was rendered upon the verdict.

Appellant assigns error upon the court's refusal to sustain his motion to strike out the cross-complaint first filed. There was no error on account of this ruling, for the reason that the cross-complaint was dismissed before trial. No summons was issued upon the cross-complaint or the counterclaim, but the appellant appeared thereto and filed his motion and demurrer, and later an answer in general denial. He thereby waived summons. *Judd* v. *Gray, Gdn.* (1901), 156 Ind. 278, 59 N. E. 849.

The claim that an action by way of counterclaim is not maintainable against a complaint in tort filed to recover damages sustained by the appellant because of the negligence of the appellee is untenable. The counterclaim arose out of the same accident which was the basis of the cause alleged in appellant's complaint and was properly pleaded as an

answer to the complaint. The decision in *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 195 N. E. 81, fully discussed and determined the question against the appellant's contention. Also see *Gillespie* v. *Hunt* (1938), 214 Ind. 229, 14 N. E. (2d) 1015.

The fact that the pleading first filed was entitled a cross-complaint is of no importance since the allegations therein showed it to be a counterclaim, and it will be so regarded. *Reardon* v. *Higgins* (1907), 39 Ind. App. 363, 79 N. E. 208.

It is true that the appellee's second counterclaim was not filed until December, 1937, more than two years after the collision. This counterclaim was nothing more than an amendment of the original cross-complaint or counterclaim, and since the original counterclaim was filed in time, the statute of limitations did not prevent the filing of a second or amended counterclaim. *Humphries* v. *McAuley* (1933), 205 Ind. 469, 475, 187 N. E. 262; *George B. Limbert & Co.* v. *Waznitsky* (1921), 191 Ind. 419, 423, 133 N. E. 128. The statute of limitations had not run when appellant's action was filed, and, therefore, the appellee could plead by way of counterclaim a cause of action which was not barred at the time the appellee's first counterclaim was filed. *Eve* v. *Louis et al.* (1883), 91 Ind. 457, 469; *Zink* v. *Zink* (1914), 56 Ind. App. 677, 106 N. E. 381.

Although the cause of action pleaded in both the complaint and counterclaim grew out of the same collision, the appellant makes the point that his cause of action is based upon the negligence of the appellee; that the appellee's cause of action is not based upon the same negligence, but upon the negligence of the appellant, and, therefore, they are independent actions and the counterclaim cannot be maintained. This mat-

ter is discussed and decided contrary to appellant's contention in *Opple et al.* v. *Ray, supra.*

The appellant asserts that the verdict of the jury was not sustained by sufficient evidence. The appellee recovered damages for injuries sustained by his wife, a passenger in his car at the time of the collision. To warrant recovery it was necessary that the appellant's negligence be shown. It is established that as appellee drove south on preferential State Highway No. 55 and approached its intersection with road No. 10 he saw the appellant approach the intersection from the west and slow the speed of his automobile as if to stop. Believing that the appellant intended to stop, appellee drove into the intersection, but, as he drove into the intersection, the appellant, without any warning, at once accelerated the speed of his automobile and drove in front of appellee's automobile without giving him time to avoid a collision. Appellant in testifying upon this subject stated that he stopped his car at the stop sign west of road No. 55, looked in both directions, and saw no car approaching. It was at least his duty to exercise ordinary care as he drove eastward. He admitted that he never looked again to the north after starting his car, but drove into the intersection.

There was much evidence introduced by both appellant and appellee as to the alleged negligence of each of the parties and as to acts of omission and commission. These were questions, however, for the jury, and the weight of the evidence cannot be considered at this time. Whether a verdict is sustained by the evidence is determined by applying the law to the facts proved. If the facts shown in the evidence do not bring the case within the governing legal principle, the verdict would not be supported. There is no evidence indicating that the appellee did or omitted

to do anything which was calculated to deceive the appellant or to deceive a person of ordinary prudence in a place of danger. On the contrary, the appellant approached the stop sign on road No. 10, about one hundred feet west of the intersection, and slowed the car down to a speed that indicated his intention to stop. The evidence is undisputed that the appellee saw the appellant slow the car down, and, knowing that road No. 55 was a preferential road, believed that the appellant intended to permit the appellee to pass over the intersection. To say the least, the stop sign on road No. 10 tended to support the inference that the intersection was considered hazardous and those approaching were warned to come to a full stop before crossing. The appellant failed to heed the stop signal by not bringing his car to a full stop. The appellant testified that he did not see the approach of appellee's car. It was, at least, his duty to use the means at his command and to exercise the care of an ordinarily prudent person similarly situated to avoid injury.

The evidence discloses various elements contributing to the collision, and when collectively considered, as they must be in this class of cases, call for the exercise of judgment. The appellee and his son were riding in the front seat of their automobile. The appellee was on the right side and his son at the wheel. They testified that by agreement the father was watching for the approach of cars from the right and the son was watching for the approach of cars from the left; that the appellee saw appellant bring his car to a slow speed and believed that he intended to stop, and told his son to drive onto the crossing. When on the crossing and without any opportunity to avoid a collision, the appellant suddenly drove in front of the

appellee. Appellant claims that the appellee was guilty of contributory negligence by driving onto the crossing after he observed the appellant. It was for the jury to say whether or not the acts and conduct, under the circumstances, were those of an ordinarily prudent person. *Keltner* v. *Patton* (1933), 204 Ind. 550, 558, 185 N. E. 270. The evidence, favorable to the appellee, is sufficient to sustain the verdict.

Appellant tendered five instructions which the court refused to read to the jury. The first was a peremptory instruction telling the jury to find against the appellee on his counterclaim. The second was based upon the doctrine of Last Clear Chance. The appellant's action was not based upon that theory and the case was not so tried. No facts are presented by the evidence which would form the basis for the application of that doctrine, or warrant the instruction.

The third and fifth instructions tendered by appellant pertain to the duties of travelers on preferential and inferior highways, and told the jury that their duties were mutual, and that each should use ordinary care for the safety of the other. These instructions are fully covered by instruction No. 11, given by the court of its own motion.

Instruction No. 12, tendered by appellant, informed the jury that it was the absolute duty of the driver of the appellee's automobile to look for approaching cars at the highway crossing. The evidence shows, as indicated above, that the appellee was watching for cars to the right and his son for those approaching from the left. If the instruction had been given, it would amount to saying to the jury as a matter of law that such arrangement by the appellee and his son amounted to negligence, whereas that was a question for the jury.

There was no error in denying the tendered instructions.

Finding no reversible error in the record, the judgment is affirmed.