## GIBSON *v.* CITY OF INDIANAPOLIS.

[No. 9,560. Filed June 25, 1918.]

1. MUNICIPAL CORPORATIONS.—*Parks.*—*River in Park.*—*Liability for Dangerous Condition.*—In an action against a city for the death of plaintiff's minor daughter, where the complaint alleged that, while boating at defendant's invitation on a stream contiguous to a public park, a small boat in which deceased was riding was overturned in a collision with a privately owned motor boat, and, after being thrown in the water, she was caught and held by a barbed wire in the stream and drowned, the negligence charged being that defendant carelessly permitted quantities of barbed wire to accumulate in the river bed and that it allowed the use of motorboats on the river, thereby endangering boaters and bathers, where there was no evidence to sustain the charge of negligence as to the use of motorboats or that the city had notice, actual or constructive, of the existence of the wire, and the evidence further showed that defendant exercised no control over the place where the accident occurred, except to police the stream, and the wire could not have been seen by the exercise of ordinary care by one doing police duty, a verdict for defendant is sustained by sufficient evidence. pp. 90, 92.

2. APPEAL.—*Review.*—*Verdict.*—*Conclusiveness.*—The jury's verdict is conclusive on appeal if there is any evidence to sustain it. p. 92.

3. APPEAL.—*Review.*—*Refusal of Instructions.*—The refusal of tendered instructions was not error, where they were substantially covered by proper instructions in so far as they were applicable. p. 92.

4. TRIAL.—*Instructions.*—*Failure to Request.*—Where plaintiff failed to request any further instruction on a phase of the case covered by an instruction which was good as far as it went, he cannot complain of the instruction given. p. 92.

From Marion Superior Court (97,753); *Theophilus J. Moll,* Judge.

Action by Charles C. Gibson against the city of Indianapolis. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*George W. Galvin,* for appellant.

*Walter Meyers, William A. Pickens, Elmer W. Stout, Paul G. Davis* and *Russell J. Ryan,* for appellee.

IBACH, J.—Appellant brought this action to recover damages for the loss of services of his minor daughter, who was drowned in White river, contiguous to Riverside Park in the city of Indianapolis. The questions presented challenge the correctness and sufficiency of the evidence to sustain the verdict and the giving or refusal to give certain instructions.

The gravamen of the negligence charged in the complaint is in brief that appellee held out said White river as a part of Riverside Park, and invited persons to use the river for bathing and boating, and permitted high-powered motorboats to be used along and over said waters to the known peril of those boating thereon, and negligently and carelessly suffered obstructions to accumulate in the bed of the stream, among which were large quantities of barbed wire, which settled on the bed of the stream, which fact was well known to appellee; that appellee negligently and carelessly permitted appellant's daughter to go upon said water without warning of any danger or peril from the presence of high-powered motorboats and launches upon said waters, and negligently and carelessly permitted her to go upon said waters in the presence or danger of the submerged barbed wire without warning her of such danger; that appellant's daughter while upon said stream by invitation and without knowledge of such dangers was run upon, her boat overturned by one of the motorboats (recklessly and carelessly operated), and, being thrown into the water, was caught and held by the barbed wire therein and drowned.

There is evidence tending to show that the accident occurred approximately a quarter of a mile north of the Thirtieth street bridge in the city of Indianapolis and approximately twenty-five feet west of the east shore line, and about 800 feet north of the abutment of the old "Big Four" railroad bridge east of the center line or thread of the stream, upon property not owned or occupied by the city of Indianapolis for park purposes; that the barbed wire was not exposed to vision and could not have been discovered by the exercise of reasonable care of one policing the stream. There is an entire absence of any substantial evidence to sustain the charge of negligence with reference to the use of high-powered motorboats, viz., there is no evidence to show that such negligence was responsible for the accident.

Before the complaint can be sustained upon the theory that the existence of the barbed wire in the water was the proximate cause of the accident, it must first be shown that the city had actual knowledge of the presence of the barbed wire, or that it had been there long enough for the city to have had constructive notice. The uncontradicted evidence shows that the wire could not be seen, and there is no evidence as to the length of time it had been there.

Furthermore, the jury by their answers to interrogatories find that the city had no knowledge of the presence of barbed wire in the bed of White river at the point of the accident; that the wire was not in such position that it could have been seen by the exercise of ordinary care by one policing Riverside Park; that the boat in which appellant's daughter was riding at the time of her death was struck and overturned by a person operating a motorboat which

was kept and stored at the Emrichsville boathouse, which was off of the grounds of the defendant; that the defendant city at no time exercised any act or control over the place where the accident happened except to police the stream.

It is well settled that the verdict of the jury is conclusive if there is any evidence tending to support it. *Delaware, etc., Telephone Co.* v. *Fiske* (1907), 40 Ind. App. 348, 81 N. E. 1110; *Ohio Farmers Ins. Co.* v. *Vogel* (1905), 166 Ind. 239, 76 N. E. 977, 9 Ann. Cas. 91, 3 L. R. A. (N. S.) 966, 117 Am. St. 382.

Without setting out more of the evidence, it is apparent that appellant has wholly failed to prove the material allegations of his complaint, and therefore the verdict of the jury is sustained by sufficient evidence, and is not contrary to law.

While the conclusion reached regarding the evidence in effect disposes of the case, it is earnestly urged that the court erred in refusing certain instructions tendered by appellant and in giving certain instructions tendered by appellee and others of its own motion.

The instructions refused and objected to were substantially covered by other instructions given in so far as applicable to the facts of the case. The instructions given covered the issues and the evidence, and, when construed as a whole, were not open to the objections urged against them.

The use of the word "occupant" in the seventh instruction given by the court of its own motion is objected to. It does not appear that appellant requested any further instruction on this phase

of the case, and for this reason is not in position to complain of an instruction good as far as it went.

Taking the instructions as a whole, the jury could not have been misled to the prejudice of appellant. Judgment affirmed.

NOTE.—Reported in 119 N. E. 1011. See under (1) 28 Cyc 1324.