BALTIMORE AND OHIO RAILROAD COMPANY *v.*
MANGUS.

[No. 10,260. Filed April 7, 1920. Rehearing denied June 25,
1920. Transfer denied December 15, 1920.]

1.   APPEAL. — *Waiver of Error. — Demurrer. — Memoranda. —
Pleading.*—Objections to the complaint not presented to the
trial court by memoranda filed with the demurrer, are waived
on appeal. p. 376.

2.   APPEAL.—*Waiver of Error.—Briefs.—Assignment of Error
Not Mentioned in Errors Relied on.*—An assignment of error
not mentioned in appellant's brief as one of the errors relied
on for reversal, is waived. p. 376.

3.   APPEAL.—*Briefs.—Recital of Evidence by Appellant.—Pre-
sumption in Absence of Corrections by Appellee.*—The recital
of the evidence in appellant's brief will be assumed to be ac-
curate where appellee has made no correction thereof as pro-
vided by the rules of court. p. 379.

4.   APPEAL.—*Waiver of Error.—Theory of Contributory Negli-
gence.—Briefs.—Railroads.*—Any question of a showing as

matter of law of contributory negligence based on facts found by the jury taken in connection with the undisputed evidence given by appellee in a railroad crossing accident case, upon a theory not presented by appellant's brief, is waived.  p. 380.

5.   APPEAL.— Review.— Evidence.— Sufficiency.—Answers to Interrogatories to be Considered.—On appeal the facts found by the jury in answer to interrogatories must be considered on the question whether the verdict is sustained by the evidence. p. 381.

6.   RAILROADS.—Crossing Accidents.—Contributory Negligence.— Approaching Tracks in Closed Car, etc.—Automobiles.—Where the statutory signals were not given, it cannot be said as matter of law that the approach of plaintiff, on a cold day, wrapped in a robe and enclosed in an automobile provided with transparent curtains, constituted contributory negligence, though such condition might have prevented his hearing such signals had they been given.  p. 381.

7.   RAILROADS.— Crossing Accidents.— Instructions.— Temporary Obstructions to View.—Duty of Traveler to Stop.—In a railroad crossing case, held that the jury should have been instructed as to the duty resting upon a traveler upon a public highway, being in a place of safety and about to enter upon a railroad crossing where a temporary obstruction to his view is present, to wait in such place of safety until such obstruction is so far removed that he can ascertain with reasonable certainty that it is safe to proceed over such crossing.  p. 381.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Fred A. Mangus against the Baltimore and Ohio Railroad Company.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*M. R. Sutherland* and *R. N. Smith,* for appellant.
*Charles P. Drummond* and *Donald P. Drummond,* for appellee.

BATMAN, J.—This is an action by appellee to recover damages which he alleges were sustained by reason of the negligence of appellant.  The complaint on which the cause was tried is in two paragraphs, designated as first and third.  The first alleges in substance, among other things, that appellee, on January 18, 1915, was

driving his automobile on a public highway in Marshall county, Indiana, which was crossed by appellant's tracks; that while he was approaching said crossing and was in the act of driving upon and across it, appellant negligently ran one of its freight trains and one of its passenger trains at a high rate of speed toward said crossing and over the same in such close proximity to each other that the sound of the bell and the blast of the whistle of the passenger train was drowned and rendered ineffective as a timely warning to him of its approach toward the crossing on account of the noise of the freight train; that appellant at said time and place was further negligent in this, that it failed to give appellee any warning of the approach of its said passenger train toward the crossing by sounding the whistle and ringing the bell thereon as required by law; that by reason of each of said acts of negligence, appellee, while in the act of driving over said crossing, was struck by the locomotive of the passenger train and seriously injured; that by reason of the aforesaid negligent acts of appellant he was damaged in the sum of $10,000. The third paragraph of complaint is the same as the first, except that it omits the allegations as to personal injuries and the demand for damages therefor, and alleges instead that his automobile was struck and destroyed by the locomotive of said passenger train to his damage in the sum of $600. Appellant filed demurrers to each of said paragraphs of complaint, which demurrers were overruled. The issues were closed by an answer in general denial, and the cause was submitted to a jury for trial, resulting in a verdict in favor of appellee for $5,000. The jury returned its answers to certain interrogatories, on which appellant moved for judgment, but its motion was overruled. From a judgment on the general verdict, appellant is prosecuting this appeal.

Appellant has assigned the action of the court in overruling its separate demurrers to each paragraph of the complaint among the errors it relies on for reversal. In its brief it has urged certain objections to each paragraph of the complaint, but as these objections were not presented to the trial court by the memoranda filed with said demurrers, they are waived. *Hedekin Land, etc., Co.* v. *Campbell* (1916), 184 Ind. 643, 112 N. E. 97.

Appellant has also assigned the action of the court in overruling its motion for judgment on the answers to the interrogatories notwithstanding the general verdict as error. However, it has failed to mention such assignment in its brief as one of the errors on which it relies for reversal. Such error must therefore be considered waived. *Jeffersonville School Tp.* v. *School City, etc.* (1912), 50 Ind. App. 178, 96 N. E. 662; *Kaiser* v. *Wittekindt* (1916), 62 Ind. App. 171, 112 N. E. 896.

Appellant contends that the court erred in overruling its motion for a new trial. It bases this contention on the grounds that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in giving certain instructions, and in refusing to give others requested by it. A proper determination of the questions presented requires a consideration of the evidence.

An examination of the record discloses that there was evidence to support the following facts found by the jury in answer to certain interrogatories submitted by the court: On January 18, 1915, appellee was struck and seriously injured by one of appellant's passenger locomotives at a public highway crossing about two and one-half miles from the station of Walkerton. The highway at said crossing runs north and south, and appellant's railroad runs east and west. Said crossing is

in a sparsely settled rural district, and not surrounded by farm property. There was an embankment near the southeast corner of the intersection of said highway with appellant's right of way sixteen feet in height above the railroad tracks at such crossing, which obstructed the view to the east of any one approaching the same from the south. Appellant maintained two parallel tracks at said crossing. The space between the rails of each of said tracks was four feet and eight inches, and the distance between the north and south tracks was eight feet and three and one-half inches. This condition as to tracks and embankment had existed for many years. The collision in question occurred about 3:55 p.m. The sky was clear and cold. Appellee at the time had good hearing and good eyesight. As he approached the crossing just prior to his injury, he was riding in a Ford automobile. It was equipped with a good brake, and had chains on the rear wheels. The top was up and the side curtains were on, thereby entirely inclosing appellee within the automobile. He was riding on the left side, with a robe over him. Appellant's right of way at said crossing was 100 feet wide, and the two parallel tracks at such point were used in the operation of trains. The trains going east were operated over the south track, and the trains going west were operated over the north track. Appellee at the time of his injury was familiar with the crossing, and knew in what directions the trains on each of said tracks were operated. He had frequently passed over said crossing prior to his injuries, and was acquainted with its general situation and appearance. On the occasion in question appellee approached the crossing from the south, and when about forty feet from the south track thereof he stopped his automobile, but allowed the engine thereof to run. He looked and listened attentively for trains, and saw a freight train consisting

of an engine and from sixty to seventy box cars moving eastward over the crossing on the south track thereof at a speed of about twelve miles per hour, making a loud noise. At this point there was an embankment on the east side of the highway, which, together with the freight train, obstructed his view toward the east so that he could only see ten or twelve feet of the north track east of the crossing, and the fact that he was inclosed within his automobile with the engine running rendered his ability to hear less effective. After the caboose of the freight train had passed to the east side of the crossing, appellee started his automobile and proceeded north to within a distance of ten or twelve feet of the south track, where he stopped the same again, and looked and listened attentively for the approach of trains from the east, but did not see or hear any such train. The caboose of the freight train at this time was over 200 feet east of the crossing. It was still moving eastward, and continued to move in that direction until after appellee was injured. While at said point appellee's view of the north track toward the east was partially obstructed by the moving freight train, but his view of said north track toward the east became more extended, the farther said train moved in that direction. Appellee, while his automobile was standing ten or twelve feet south of the south track, looked along the north track toward the east. In so doing his view of the same in that direction was unobstructed for a distance of 320 feet. He knew at the time that, if any train was coming on the north track, it would likely be coming from the east. With such knowledge he started his automobile again, looking both east and west, and listening for the approach of trains, and attempted to cross appellant's tracks. He proceeded in low gear at a speed of eight miles per hour with his automobile in such absolute control that he could have stopped it at

any time within a distance of two feet. When he reached appellant's north track and was in the act of passing over it, his automobile was struck by the locomotive of one of appellant's passenger trains moving westward toward the station of Walkerton over said north track at a speed of forty-five miles per hour. Said train was due at Walkerton at 4:00 o'clock p.m. of that day. As the passenger train approached said crossing the statutory signals were not given. The engine on said passenger train passed the caboose on said freight train 350 feet east of said crossing. The freight train was still moving to the east at such time. As appellee was proceeding across the tracks and had reached a point ten or twelve feet south of the north track he looked again to the east, but the moving freight train prevented him from seeing the approaching passenger train. If he had looked east when he was on the north rail of the south track, he could have seen a distance of 400 or 500 feet along the north track. Upon the occasion in question the curtains on appellee's automobile had isinglass therein, and such curtains did not obstruct appellee's view to the east as he attempted to cross appellant's tracks. Neither was there anything in the condition of the weather to have prevented appellee from seeing the train which collided with his automobile.

On the trial appellee testified, in substance, as appears from a recital of the evidence in appellant's brief, which we will assume is accurate since appellee has not made any correction thereof as provided by the rules, that when he first saw the freight train it was probably fifteen rods from the crossing; that he drove to a point forty feet south of the south track and waited until it passed over the crossing; that when the caboose had gotten fifteen or twenty feet past the crossing he started up and moved to a point in the

highway ten or twelve feet south of the south rail, where he brought his automobile to a stop; that he then moved on and at that time the freight train was 300 feet east of the crossing; that, at the time he started over the crossing, he could see about 320 feet of the north track east of the highway and could have seen more of said track to the east had it not been for the freight train; that the farther the freight train moved to the east, the farther he could see up the track and, if there had not been any freight train there, he could have seen a considerable distance, probably three-quarters of a mile; that he knew when he started across the track that the freight train was moving east all the time; that the farther it went east the farther he could see along the north track; that, if there was any train approaching from the east, it would be on the north track; that he also knew that this particular train arrived in Walkerton at 4:00 p.m., but did not have it in mind when he crossed the track; that he looked for the passenger train when he stopped ten or twelve feet from the track, but did not see it; that there was nothing to prevent him from seeing the train during the time he traveled across; that it was twenty-two feet from where he last stopped to where he was struck; that he looked after he started up and there was nothing to prevent him from seeing the train; that the crossing had a solid plank driveway across the tracks; that he had the automobile under perfect control, and at the speed he was going while crossing the tracks he could have stopped the same within two feet.

While the facts found by the jury, taken in connection with the undisputed evidence given by appellee,

4. tend strongly to show that appellee was guilty of contributory negligence in attempting to cross the north track before the temporary obstruction occasioned by the moving freight train had passed far

enough to the east to give him a sufficient view of the north track to know whether it was safe to proceed over the crossing, we do not determine that question, as appellant has waived it by failing to present it in his brief.

The only question presented by appellant for our determination with reference to the sufficiency of the evidence is based on a contention that the undisputed evidence shows that appellee approached and attempted to cross appellant's tracks, wrapped in a robe and inclosed in an automobile, and that the jury found in answer to the interrogatories that he could not hear the signals above the noise of the passing train. We agree with appellant that, in determining whether a verdict is sustained by the evidence, it is the duty of the court to consider the facts found by the jury in answer to the interrogatories submitted.  *Barr* v. *Summer* (1915), 183 Ind. 402, 107 N. E. 675, 109 N. E. 193. This rule leads us to note the further fact found by the answers to the interrogatories in the instant case that the statutory signals by whistle and bell were not given by the passenger train in question as it approached the crossing just prior to its collision with appellee's automobile.   We cannot say, as a matter of law, that appellee's conduct in approaching and attempting to cross appellant's tracks in the wrapped and inclosed condition as stated constituted contributory negligence, even if such condition would have prevented him from hearing the statutory signals had they been given.  He may have used such a degree of care, notwithstanding such condition, as to relieve himself from a charge of contributory negligence.

The facts found by the jury and the undisputed evidence given by appellee make it clear that upon request the jury should have been instructed as to the duty resting upon a traveler upon a public highway, being in a place of safety and about to enter

upon and pass over a railroad crossing, where a transient or a temporary obstruction to his view is present, to wait in such place of safety until such obstruction is so far removed that he can ascertain with reasonable certainty that it is safe to proceed over such crossing. The rule in this regard is clearly stated in the case of *Oleson* v. *Lake Shore, etc., R. Co.* (1895), 143 Ind. 405, 42 N. E. 736, 32 L. R. A. 149. Appellant tendered in due season a number of instructions on this subject with a request that they be given. We have carefully examined each of these instructions, and, while we cannot say that they are prepared with commendable care, still the rule cited is stated with sufficient accuracy in some of them at least to render the action of the court in refusing to give any one of said instructions, without instructing the jury on the subject covered thereby, reversible error. Having reached this conclusion, we deem it unnecessary to consider other alleged errors, as the same questions will probably not arise on another trial.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial, and for such further proceedings as are consistent with this opinion.