FAST ET AL. *v.* BAKER.

[No. 10,882. Filed May 12, 1921. Rehearing denied October 26, 1921. Transfer denied November 23, 1921.]

1. CORPORATIONS.—*Agreement to Return Stock.—Validity.—Mutuality.—Consideration.*—A written agreement under which defendants, who exchanged shares of certain capital stock for plaintiff's stock in another corporation, agreed to return to plaintiff on thirty days' notice of plaintiff's desire to have such stock instead of stock exchanged by defendants, notice to be given within sixty days from a date specified in the contract, *held* valid as against contentions that it was unilateral and was void for want of mutuality and lack of consideration. p. 680.

2. PLEADING.—*Complaint.—Sufficiency.—Waiver of Objection.—Failure to Specify in Memorandum Accompanying Demurrer.*—Objections to the complaint which are not specified in the memorandum accompanying the demurrer are waived. p. 680.

3. CORPORATIONS.—*Exchange of Capital Stock.—Demand for Return.—Necessity of Tender of Worthless Stock.*—Where plaintiff had exchanged shares of capital stock in an insurance company for defendants' worthless stock in a manufacturing corporation, on defendants' agreement to return plaintiff's stock on demand within a specified time, and where defendants had sold the insurance stock prior to the making of such demand, plaintiff was not required to tender the manufacturing corporation's stock before instituting an action for defendants' failure

to reassign the insurance stock on demand therefor within the terms of the agreement, since defendants were not ready and able to perform their contract, and since the law does not require the doing of something which is useless.  p. 680.

4.   APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.*—In an action for breach of a written contract to reassign seventy shares of corporate stock, the admission of evidence that the stock was of the value of $40 a share, was harmless, where the amount of damages awarded was $1,400, it thus being apparent that the court was not influenced by such evidence.  p. 680.

5.   CORPORATIONS.—*Agreement   to   Reassign   Stock.*—*Breach.*—*Measure of Damages.*—In an action for breach of an agreement to reassign corporation stock, plaintiff's measure of damages was the fair value of the stock at the time of the failure to reassign, there being no price for such stock specified in the agreement.  p. 680.

From   Wabash   Circuit   Court;   *Nelson   G.   Hunter,* Judge.

Action by Daniel S. Baker against Arthur C. Fast and another.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*Kenner & Sapp* and *Cook & Krieg,* for appellants.
*C. W. Watkins* and *C. A. Butler,* for appellee.

NICHOLS, J.—Action by appellee against appellants upon a written contract.   Finding and judgment for appellee.   Appellants rely for reversal upon error of the court in overruling their demurrer to the complaint, upon error of the court in each of its two conclusions of law, and in overruling their motion for a new trial.   The averments of the complaint are, so far as involved, found as facts in the special finding, which in substance is as follows:

On June 9, 1916, appellee was the owner of seventy shares of the capital stock of the Farmers National Life Insurance Company of America, of the fair value of $9 per share and of a total value of $630.   On said day the appellants undertook to trade certain stock in

what was known as the Telbax Manufacturing Company, which at the time of said exchange was worthless and of no value whatever, and to induce the appellee to exchange his insurance stock, appellants entered into a written contract or undertaking with appellee which is as follows: "June 9, 1916. We the undersigned agree to purchase and turn over to Daniel S. Baker 70 shares of National Life Insurance Company stock upon a 30 days notice of his desire to have same instead of 70 shares preferred and 35 shares common stock of the Telbax Mfg. Co. of Huntington, Indiana. Such notice to be given 60 days from June 9, 1917. Farmers National Life Stock to be given Daniel S. Baker upon the turning over the above mentioned stock of the Telbax Mfg. Co. without cost to Daniel S. Baker. (SIGNED) C. O. Conner, J. W. Culp and A. C. Fast."

They delivered such contract to appellee, and within sixty days after June 9, 1917, appellee served notice on appellant, Fast, that he desired to secure his stock in said insurance company. At the time appellee notified Fast he desired to have returned such shares of stock, said Fast failed and neglected to return such stock. Appellant Culp immediately after securing such insurance stock, on June 9, 1916, disposed of the same to innocent purchasers and a notice to said Culp would have been unavailing. Said Culp did know that appellee demanded back his insurance stock, at the time, from said Fast, within such sixty days after June 9, 1917. C. O. Conner had left the state and gone to parts unknown and a notice on him was impossible; he and appellant Culp also failed to return said insurance stock.

On or about June 9, 1917, the said Telbax Manufacturing Company had gone into bankruptcy and the stock was worthless and no dividend was ever paid to shareholders thereon, and the company ceased business.

Questions presented as to the unilateral, and the op-

tional feature of the contract, its mutuality, its consideration, and its acceptance by appellee have all 1, 2. been determined against appellants in the case of Culp v. Holbrook (1920), ante 272, 129 N. E. 278, the appellants therein being the same as in this case. We do not, therefore, need to consider such questions further, but on the authority of that case decide them against appellants. Appellants contend that the complaint is bad because it fails to aver that the contract which was unilateral was delivered. No objection to this effect was contained in the memorandum with the demurrer. It is therefore waived. The special finding expressly says that the contract was delivered. There was no error in overruling the demurrer to the complaint.

Appellants next contend that the finding is against appellee in that it fails to find that appellee tendered back the Telbax stock. The finding, however, 3. finds that such stock was absolutely worthless. No tender was therefore necessary. The law does not require a useless thing. Hess v. Young (1877), 59 Ind. 379. Further, appellants had sold the insurance stock and they or their company which was bankrupt, had none of it to return to appellee. It appears by the evidence that appellant Fast made repeated promises to get insurance stock to return to appellee but failed so to do. It is apparent that neither appellant was ready and able, or willing to perform his contract. They were therefore neither entitled to notice or tender. Nesbit v. Miller (1890), 125 Ind. 106, 25 N. E. 148.

Error, if any, in permitting appellee's witness, Biliter, to testify that the insurance stock was of the value of $40 was harmless, for from the amount 4, 5. of damages found, $1,400, it is apparent that the court was not influenced by such testimony.

There was no contract price for the insurance stock, at the time it was to have been returned, and appellee's damages were the fair value of the stock at the time of such failure to return it. There was ample evidence to sustain the damages assessed by the court. The judgment is affirmed.