COOK AND BERNHEIMER COMPANY v. HAGEDORN.

[No. 10,540. Filed June 21, 1921. Rehearing denied October 11, 1921. Transfer denied February 3, 1925.]

1. APPEAL.—*Overruling motion to make pleading more specific not available error when pleading withdrawn on appellant's request.*—There was no available error in overruling a motion to make a paragraph of pleading more specific where the court, on appellant's request, withdrew said paragraph from the consideration of the jury. p. 450.

2. APPEAL.—*Harmless error to overrule motion to strike out parts of a pleading.*—It is not reversible error to overrule a motion to strike out parts of a pleading. p. 450.

3. TRIAL.—*Answers to interrogatories will not overthrow general verdict unless irreconcilable by any admissible evidence.*—Answers to interrogatories will not overthrow a general verdict unless the conflict between them is such that no possible evidence under the issues could reconcile them. p. 451.

4. PLEADING.—*Evidence of waiver of performance is admissible under averment of performance.*—Evidence of waiver of performance of conditions precedent in a contract is admissible under an allegation of performance. p. 451.

5. PAYMENT.—*Acceptance of a check as payment extinguishes the debt for which given.*—A check may be given and received, by agreement of the parties, as payment of a debt, and the debt for which it is given is thereby extinguished, even though payment of the check is stopped. p. 451.

6. APPEAL.—*Overruling motion for directed verdict not reversible error.*—Overruling a motion for a directed verdict does not constitute reversible error, the error, if any, being in refusing to give the instruction. p. 452.

7. CONTRACTS.—*Defense of nonperformance may be waived and plaintiff recover notwithstanding.*—In an action on a contract, a defense based on the fact that the plaintiff has failed to perform his part of the contract may be waived and a recovery had notwithstanding such failure. p. 452.

8. APPEAL.—*Answers to interrogatories may be considered in determining whether verdict sustained by evidence.*—In determining on appeal whether the verdict was sustained by the evidence, the court is authorized to consider the jury's answers to interrogatories where there was evidence to sustain them. p. 452.

9. PAYMENT.—*Check given in payment, right of action for nonpayment.*—Where a check is given and received in payment of a debt, if it is not paid, the action is on the check and not on the debt for which it was given. p. 452.

10. PAYMENT.—*Check retained after payment stopped, right of action.*—One who has received a check for the amount of certain indebtedness and retains it notwithstanding payment thereof has been stopped cannot sue on the debt for which it was given, as it will be conclusively presumed that the check was received in payment of the debt. p. 452.

11. PRINCIPAL AND AGENT.—*No duty of consignee to report sales of goods that have been fully paid for.*—A consignee of goods that have been fully paid for is not under any duty to make a report to the consignor of his sales of such goods, although the contract of consignment called for a report of sales. p. 454.

12. PRINCIPAL AND AGENT.—*Failure of consignee to make reports of sales within stipulated time waived by consignor's objections on other grounds.*—Although a contract of consignment required the consignee to report the sales made every sixty days and to remit for the goods sold, the failure of the consignee to report sales paid for would not justify the consignor in refusing to ship the balance of an order, and where

the consignor based his refusal to ship the remainder because payment had been stopped on the check given and accepted for the goods shipped, he could not defend an action for breach of the contract on the ground that the consignee did not make report of sales and payment within the time stipulated in the contract.    p. 454.

13.    APPEAL.—*Jury's finding that seller broke contract conclusive on appeal, there being evidence to sustain it.*—The jury's verdict is conclusive on appeal if there is any evidence to sustain it, and in an action against the seller for breach of a contract of sale, a verdict for the buyer is conclusive that the seller breached the contract, there being evidence to sustain it. p. 454.

14.    SALES.—*Breach of contract by seller, proof of time of breach.*—In an action against the seller of goods for breach of contract in refusing to make delivery of all the goods sold, the buyer was not required to determine for himself the exact time the contract was breached and confine his proof of the market value of the goods to that time, that being a question for the jury, and he would be entitled to such a reasonable range of time in making proof of market value as would enable the jury to determine his damages, if it found that the breach had been committed.    p. 455.

15.    APPEAL.—*Admission of immaterial evidence harmless.*—In an action against the seller of goods for breach of contract in refusing to deliver all the goods sold, the admission of evidence as to the time when the parties to a contract of sale made before the declaration of war in 1917 had a right to expect delivery, the uncontradicted evidence showing that it was not to be made until after the declaration of war, was not reversible error, as the evidence was immaterial, and the admission of immaterial evidence is presumed to be harmless. p. 456.

16.    TRIAL.—*Instruction that burden of proof was on plaintiff not in conflict with one that such burden had been sustained.*—An instruction that the burden is on plaintiff to prove the material allegations of its complaint is not in conflict with one telling the jury that this burden has been sustained.    p. 456.

17.    TRIAL.—*Instruction as to burden of proof not erroneous because facts in reference to breach of contract in set-off not set out in detail.*—An instruction that the burden is on the plaintiff of proving the material allegations of its complaint is not rendered erroneous by the fact that the allegations with reference to a breach of contract pleaded as a set-off are not set out in more detail where the instruction informed the jury that "plaintiff has always refused to comply with its contract." p. 456.

18. TRIAL.—*Instruction to consider certain facts if proved by preponderance of evidence not an assumption of such facts.*— An instruction that the jury should consider certain facts if "proved by a fair preponderance of the evidence" is not an assumption of the facts referred to.　p. 456.

19. APPEAL.—*Instructions in action for breach of contract authorizing recovery by defendant on set-off regardless of whether he had performed his part of contract harmless where plaintiff had waived failure of performance by him.*—In an action on a check given in payment of goods sold, but countermanded before payment, where the defendant pleaded a set-off for breach of the contract of sale by plaintiff's refusal to deliver all the goods sold, instructions that if the seller failed to deliver all the goods sold and the buyer was damaged thereby, the former was liable for the damages sustained by the latter by reason of such breach, where it was not caused by any default on his part, were not erroneous on the theory that they gave the jury to understand that it would be justified in finding for the defendant on his set-off regardless of whether he had performed his part of the contract of sale or shown a valid excuse for nonperformance, where the defendant owed the plaintiff no obligation under the contract and all existing defenses to the set-off had been waived by plaintiff's refusal to deliver on another ground.　p. 457.

20. SALES.—*Instruction that inquiry by buyer of goods as to how much payment seller required on first shipment released seller from making further shipment properly refused.*—In an action on a check given and accepted in payment for goods sold and delivered, but afterward countermanded, wherein defendant pleaded a set-off for damages by the refusal of plaintiff to ship the balance of the goods ordered, an instruction that an inquiry by defendant as to how much payment the plaintiff required on the first shipment before it would ship more released plaintiff from making the shipment requested in the same letter, was properly refused.　p. 457.

21. PRINCIPAL AND AGENT.—*Instruction that consignee could not recover damages for refusal to deliver according to consignment contract if consignor had right to rescind, held erroneous.* —In an action on a check given and accepted as payment for goods consigned to defendant, wherein the defendant pleaded a set-off for plaintiff's breach of the contract of consignment in refusing to ship the balance of the goods ordered, an instruction to the effect that if the plaintiff had a right to rescind the contract, the defendant would have no right to recover on his set-off, regardless of whether the right to rescind was exercised or not, was properly refused.　p. 457.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by the Cook and Bernheimer Company against Charles T. Hagedorn, wherein he filed a set-off. From judgment for defendant on his set-off, the plaintiff appeals. *Affirmed.*

*Eli F. Seebirt* and *Daniel D. Schurtz,* for appellant.
*Jones & Obenchain* and *Slick & Slick,* for appellee.

BATMAN, J.—Appellant brought this action upon a check, payable to its order for the sum of $548.24, dated July 10, 1917, and drawn by appellee on the American Trust Company of South Bend, Indiana. The complaint is in a single paragraph with the usual allegations for such an action, and was answered by a general denial. Appellee also filed two paragraphs of set-off, designated as first and second, each of which was subsequently amended. The said first paragraph of set-off is based on an alleged breach of an oral agreement, by which appellee claims to have purchased twenty-five barrels of whisky of appellant. The averments of this paragraph are not set out, as they were withdrawn from the consideration of the jury. In the amended second paragraph of set-off, appellee admits the execution of the check in suit, but alleges, in substance, among other things, that it was given in part payment of certain whiskies which he had purchased of appellant prior to its execution; that on March 15, 1917, he wrote and delivered to appellant the following letter: "You can enter my order and ship to me at your earliest convenience: (Here follows a designation of 25 barrels of whiskey of three brands, with the price of each). Send various brand labels all sizes for bottling above. I agree to report to you at the end of each sixty days, following receipt of above goods, and remit to you for whatever goods are sold. You agree to allow me to

return to you at your expense any of the above goods remaining on my hands unsold, April 1, 1918, at your expense." That on March 25, 1917, appellant wrote and delivered to him a letter, (a copy of which was made a part of said paragraph of set-off as an exhibit), by which it accepted said order, and agreed to deliver to him said twenty-five barrels of whisky on the terms he had proposed. That said letters constitute a contract by which appellant sold him twenty-five barrels of whisky; that in compliance therewith, appellant, on March 28, 1917, shipped him ten barrels of such whisky, amounting to the sum of $802.06 at the agreed price; that subsequently, on June 9, 1917, he gave appellant instructions to ship the remainder of said whisky so purchased at once; that appellant, although failing to do so, did not refuse at that time to comply with said contract, but requested him to anticipate payment of the whisky already shipped, stating that, owing to heavy demands, it was impossible for it to fill all orders received; that on June 25, 1917, he again requested appellant to deliver the remainder of said whisky, but it failed to do so, and agreed to ship other goods in lieu thereof, which agreement it failed to keep; that in July, 1917, he again requested the shipment of the remainder of said whisky, and was promised by appellant that the matter would receive prompt attention, but there was a failure so to do; that subsequently, on December 19, 1917, appellant gave him notice that it would not deliver the remainder of said whisky, and repudiated said contract; that appellant has always refused, and still refuses to ship or deliver the remaining portion of said whisky according to the terms of said contract, although frequently requested so to do; that he has fulfilled his part of said contract in every respect, and was ready and willing up to April 1, 1918, to accept

and pay for said remaining fifteen barrels of whisky; that shortly after he had purchased said whiskies of appellant, the price thereof increased throughout the State of Indiana, and elsewhere in the United States, to such an extent that its market value was one dollar per gallon more than the price agreed upon in said contract; that by reason of the failure of appellant to deliver to him the remaining fifteen barrels of whisky so purchased, he had sustained damages in the sum of $1,000. The paragraph concludes with a prayer that he have a set-off against any amount found due appellant upon the check in suit, and that he have judgment against appellant for any excess found due him on account of his alleged damages. Appellant filed motions to make said first paragraph more specific, and to strike out parts of said second paragraph, each of which was overruled. Each of said paragraphs was answered by a general denial, and the latter by an affirmative paragraph, based on appellee's failure to pay the check in suit, which it alleged was given for the unpaid balance due on said ten barrels of whisky. To this affirmative paragraph of answer, appellee filed a reply in general denial. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. The jury returned with its verdict answers to certain interrogatories submitted by the court, on which appellant unsuccessfully moved for judgment in its favor notwithstanding the general verdict. Appellant also filed its motion for a new trial, which was overruled, and it now prosecutes this appeal on an assignment of errors which requires a consideration of the questions hereinafter determined.

Appellant predicates error on the action of the court in overruling its motions to make the first para-

1, 2.    graph of appellee's set-off more specific, and to strike out parts of the second paragraph thereof.

The ruling on the motion addressed to said first paragraph was not reversible error, as the court withdrew said paragraph from the consideration of the jury by an instruction requested by appellant. The ruling on the motion addressed to said second paragraph, being a motion to strike out parts thereof, was not reversible error. *Jones* v. *Bryan* (1913), 53 Ind. App. 550; *Portland, etc., Mach. Co.* v. *Gibson* (1916), 184 Ind. 342.

Appellant contends that the court erred in overruling its motion for judgment on the answers to the interrogatories returned by the jury, notwithstanding the general verdict. It bases this contention on a claim that such answers show that appellee had failed to perform his part of the contract set up in his second paragraph of set-off, in this, that he had not made the reports at the end of each sixty days as required by the terms thereof, and, by stopping payment of the check in suit, he had failed to pay for the goods received from appellant thereunder. In determining this contention, we must bear in mind that answers to interrogatories will not prevail over a general verdict unless the conflict between the two is such that no possible evidence under the issues could reconcile them. *Williams* v. *Lowe* (1916), 62 Ind. App. 357. Under this rule, appellant's contention cannot be sustained on the grounds stated, for the following reasons: The evidence may have shown that the making of the reports mentioned in the contract was waived. Such evidence would have been competent under the allegation of performance. *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378; *Kenefick* v. *Schumaker* (1917), 64 Ind. App. 552. The evidence may also have shown that, by the agreement of the parties, the check in suit was accepted by appellant in payment of the balance due for the whisky theretofore shipped under the contract. This would have had the effect of extinguishing

the debt for which it was given. *Sutton* v. *Baldwin* (1896), 146 Ind. 361. For the reasons stated, the court did not err in overruling the motion under consideration.

Appellant also contends that the court erred in overruling its motion to instruct the jury at the close of the evidence to return a verdict in its favor for the amount of the check in suit. This action of the court does not constitute reversible error, since the mere overruling of such motion worked no injury to appellant, but the substantial and available error, if any, was in refusing to give such an instruction. *Getchel* v. *Chicago, etc., R. Co.* (1902), 29 Ind. App. 410; *Smith* v. *Cleveland, etc., R. Co.* (1917), 67 Ind. App. 397, 117 N. E. 534.

Appellant further contends that the verdict is not sustained by sufficient evidence. It asserts that as to the contract alleged in the second paragraph of set-off, there is no proof of performance on the part of appellee, or facts showing a valid excuse for such failure, and hence appellee has failed to show a right of recovery, as the first paragraph was withdrawn from the consideration of the jury. We recognize the well-established rule on which this contention is based, but it should be borne in mind that a defense based on the fact that the complaining party has failed to perform his part of a contract may be waived, and a recovery had notwithstanding such failure. *Kenefick* v. *Schumaker, supra,* and cases there cited. With this in mind, we will direct our attention to the evidence relating to any such failure of performance on the part of appellee, and the waiver on the part of appellant of any defense which might have been based thereon. The failure of performance on which appellant relies is based on a claim that the evidence shows that appellee did not make the report and payment required by the

contract with reference to the ten barrels of whisky which it delivered appellee thereunder. The undisputed evidence in this regard shows that appellee received said ten barrels on April 11, 1917; that thereafter, on June 15, 1917, he paid appellant $227.54 thereon, and on June 25, 1917, executed and delivered to appellant the check in suit for $548.24, which was the balance due on said ten barrels of whisky; that appellee stopped the payment of said check on July 7, 1917, and the same has never been paid. The jury found, as shown by the answers to the interrogatories, that said check was given by appellee in payment of the balance which he owed appellant for said ten barrels of whisky. As there is evidence tending to sustain this finding, it is our duty to accept it as a fact in determining whether the verdict is sustained by the evidence. *Barr* v. *Sumner* (1915), 183 Ind. 402; *Baltimore, etc., R. Co.* v. *Mangus* (1920), 74 Ind. App. 373, 126 N. E. 863. While it is the general rule that a check delivered by a debtor to his creditor does not extinguish the debt for which it is given, still a check may be given and received by agreement of the parties as payment of a debt, and, when this is done, the debt for which it is given is thereby extinguished. If a check so given and accepted is not paid for any reason, the right of action is on the check, and not on the indebtedness for which it is given. *Sutton* v. *Baldwin, supra*. It will be noted that appellee not only received the check in question in the first instance, but retained it, notwithstanding payment of the same had been stopped, and instituted this action to enforce its collection. It must, therefore, be taken as an uncontradicted fact in this case that the check in question was not only given by appellee in payment of the balance due for said ten barrels of whisky, but that appellant accepted the same as payment thereof. This being true, the debt for

which it was given was extinguished, and appellant could not maintain an action based thereon.

Having concluded that the undisputed facts show that the balance due appellant for the ten barrels of whisky delivered to appellee under the contract in question, had been fully and finally settled by the check in suit, there could have been no duty on the part of appellee to make any report to appellant thereafter with reference to said ten barrels of whisky. It thus appears that, at the commencement of this action, appellee had performed all the obligations resting on him by reason of said contract, although he had failed to make the report and payment due from him with reference to said ten barrels within the time specified therein. It only remains to be determined whether the delay shown by the evidence in that regard is available to appellant as a defense to appellee's set-off in this action. The undisputed evidence shows that appellant did not refuse to ship the remaining fifteen barrels of whisky embraced in the contract in question because of such delay, but that the real reason for such refusal was that appellee had stopped payment on the check in suit. This evidence is found in a letter, written on behalf of appellant to appellee's attorney, containing, among others, the following statements: "In view of Mr. Hagedorn's refusal to meet his obligations which are now past due, in other words, to make good upon the check which he stopped payment, clients feel that there is no further obligation resting upon them to complete the order until Mr. Hagedorn shows a disposition to live up to his part of the agreement. * * * They insist that Mr. Hagedorn should instruct the bank to honor the check, and upon receipt of information from yourselves that this has been done, and that payment will be made on presentation, they will ship the balance of the order as accepted." This discloses that ap-

pellant was demanding that appellee pay a check, given and accepted in payment of the balance due for said ten barrels of whisky, as a condition upon which it should ship the remaining fifteen barrels—a thing not within the provisions of the contract. Appellant having based its refusal on that ground, waived its defense on any other ground, and hence cannot defend on the ground that appellee did not make the report and payment as to said ten barrels of whisky promptly, or within a reasonable time. *Kenefick* v. *Schumaker, supra.* The evidence shows that appellant never shipped the remaining fifteen barrels of whisky to appellee. The jury found that, in so doing, it committed a breach of the contract in question, and as there is evidence to support such finding, it is conclusive on appeal. *Gibson* v. *City of Indianapolis* (1918), 68 Ind. App. 89. We conclude that neither of the contentions made by appellant that the verdict is not sustained by sufficient evidence and is contrary to law is well taken.

Appellant asserts that it was error to allow the witnesses Hagedorn and Cohen to testify as to the market value of whisky at South Bend, Indiana, on August 10, 1917. The reason urged in the trial court against the admission of this evidence was, that appellee was not entitled to introduce evidence as to the market value of whisky on several different dates, but must determine for himself when the contract was breached and confine his proof of the market value of whisky to such time. When appellant breached the contract, if at all, was a question for the jury under the evidence, and appellee was entitled to such a range of time, in making proof of market value, as would enable the jury to determine his damages, if it found the alleged breach had been committed. August 10, 1917, was within such range, and hence no error was committed in the admission of such evidence.

Appellant also asserts that the court erred in admitting the evidence of the witness Potter as to the time when parties, contracting in March, 1917, before the declaration of war, had a right to expect delivery, where a shipment was made from New York City to South Bend, Indiana. We fail to find any error in the admission of this evidence. The time when it is claimed that the fifteen barrels of whisky in question should have been shipped was some time after the declaration of war was made. And inasmuch as the undisputed evidence showed that it took a much longer time for shipments between said points after the declaration of war, it would be unreasonable to assume that appellant was harmed by the admission of such evidence. At most it was immaterial, and the admission of immaterial evidence, if harmless, is not reversible error. *Indiana, etc., Traction Co.* v. *Hiatt, Admr.* (1916), 65 Ind. App. 233.

Contention is made that the court erred in giving instructions numbered 1, 2, 3 and 4, requested by appellee. A number of reasons are urged as the basis of this contention, but we deem it unnecessary to consider all of them, or any of them, at length, as they are mostly technical rather than substantial. No. 1 informed the jury that the burden was on appellant to prove the material allegations of its complaint. This was not, as appellant contends, in conflict with another instruction given, by which the jury was told, in effect, that this burden had been sustained. Nor is said instruction erroneous as appellant asserts, because the facts with reference to the breach of the contract, on which appellee's set-off is based, are not set out therein in more detail. It suffices in that regard to say, as the instruction does, "that plaintiff has always refused to comply with its contract in reference to the shipment of said 15 barrels." No. 2 does not assume facts, as

'appellant contends, which the jury had to determine, as such facts were to be given effect only "if proved by a fair preponderance of the evidence," as stated therein.

By said instruction No. 3, the court informed the jury, in effect, that where a party buys goods of another, to be delivered to him at a fixed price, and the party who sells, without the fault of the buyer, fails to deliver such goods, he is liable for the damages sustained by the buyer by reason of such default.  By said instruction No. 4, the court informed the jury, in effect, that if it found from the evidence that appellee had been damaged by appellant's breach of the contract alleged in his set-off, and that such breach was not caused by any default on his part, then he would be entitled to recover such damages as he may have sustained by reason thereof.  Appellant claims that each of these instructions is erroneous, because their effect would be to lead the jury to believe that it would be justified in finding in favor of appellee on his set-off regardless of whether he had fully performed his part of the alleged contract, or shown a valid excuse for having failed to do so.  However, if it be admitted that these instructions would have the effect for which appellant contends their giving was harmless in view of the fact that, under the undisputed evidence, as we have heretofore shown in considering the sufficiency of the evidence to sustain the verdict, appellee owed appellant no obligation under the contract in question, and any defense which might have been based on delay in performing its obligations thereunder has been waived.

Appellant also contends that the court erred in refusing to give instructions Nos. 6, 7, 8 and 9 requested by it.  Said instruction No. 6 was properly refused, as it ignores the fact that appellant accepted the check in question as payment.  No. 7 was also properly refused, as it would have informed the jury

that appellee's inquiry as to how much payment appellant required on the first shipment of whisky before it would ship more released appellant from the request for immediate shipment contained in the same letter. There was no error in refusing to give either of said instructions Nos. 8 and 9. The first makes a strict compliance with the contract on the part of appellee as to making report and payment with reference to the ten barrels of whisky shipped him, an essential to the right of recovery, thus eliminating any waiver of a defense because of delay in compliance. The latter relates to the right of appellant to rescind the contract, and, if given, would have informed the jury that appellee would have no right of recovery if such right to rescind existed, whether it was exercised or not. We find no reversible error in the record.

Judgment affirme