## SABAUGH v. SCHRIEBER ET AL.

[No. 13,102. Filed June 27, 1928.]

*Walter R. Arnold, Alvin Marsh* and *Elmer Peak,* for appellant.

*Logan & Kitch,* for appellees.

PER CURIAM.—This was an action by the appellees against the appellant wherein they sought the cancellation of a certain contract for the sale of real estate located in Marshall county, Indiana, and for the possession of the same. The said contract was entered into between Schrieber as owner and Sabaugh as the purchaser of said lands. The basis alleged for a rescission was the failure of Sabaugh to make certain payments as stipulated in the contract of purchase. The appellant filed what his counsel denominate a counter-claim, in addition to an answer in denial. In the counter-claim, it was alleged that after the making of said contract the appellees had sold and conveyed a portion of the lands covered by said contract to a named third party, thus putting it out of their power to keep and perform the same, and appellant asked for a judgment covering what he had paid on the said contract, and for money expended in the making of improvements thereon. This counter-claim was met by a general denial. The cause was tried by the court, which made a special finding of the facts and stated conclusions of law thereon adverse to appellant. His motion for a new trial having been overruled, this appeal followed, based upon an assignment of error in conclusions of law, and in overruling the motion for a new trial.

The trial court made no finding covering the alleged sale of a portion of said real estate, as alleged in said counter-claim, and, since the findings are silent as to this matter, we must, therefore, treat the absence of such finding as a finding against the

appellant as to this matter. But the evidence shows, without dispute or controversy, that the appellees sold and conveyed by warranty deed, duly signed and acknowledged, a portion of the real estate covered by the contract between appellant and appellees to Orville S. Simpson and Bessie C. Simpson, which deed was thereafter duly recorded. There was also oral testimony before the court on this issue which was not disputed, and also there was the admission of appellee William Schrieber that he had sold a portion of the said lands to the Simpsons. It follows that the decision of the court as to this matter was not supported by sufficient evidence and that it was contrary to law.

Under the above facts, appellees, having put it out of their power to comply with their part of said contract by the sale of a portion of said lands, and this, before there had been any breach of said contract on the part of appellant such as to entitle the appellees to declare a forfeiture thereof, are not now in a position to ask that a court of equity come to their aid and declare a forfeiture or cancellation of that contract which they themselves had theretofore breached. Under the plainest principles of justice, the appellant was entitled, after the sale to the Simpsons, to regard said contract as broken and to stop all payments thereon. Also, after he shall have vacated said property, if he still occupies the same, he will be entitled to recover back all moneys paid on account of said purchase of said lands, and also all moneys spent for permanent improvements placed thereon by him upon the lands of which he had the actual possession. *Dantzeiser* v. *Cook* (1872), 40 Ind. 65. See, also, *Smith* v. *Treat* (1908), 234 Ill. 552, 85 N. E. 289.

For the error in overruling the motion for a new trial, this cause is reversed, with directions to sustain the motion for a new trial, and with leave to the appellant to

file supplemental pleadings asking therein for such relief as he may be advised is proper.

Reversed with directions.

Dausman, J., absent.