MORTGAGE UNDERWRITERS, INC. *v.* STUCKEY ET AL.

[No. 16,358.   Filed May 10, 1940.]

84

*George L. Rulison* and *George A. Kurtz*, both of South Bend, for appellant.

*Arnold, Chipman & Degnan* and *Frank Barber,* all of South Bend, for appellees.

STEVENSON, J.—The appellee brought this action to recover damages for an alleged breach of contract for the sale of real estate.

The second amended complaint alleged that on the 27th day of June, 1936, the appellant was the owner of a certain lot in the City of South Bend, Indiana. That on said day the parties hereto entered into a written contract whereby the appellant agreed to sell and convey said real estate to the appellees for the sum of $2,800.00. A copy of this contract was filed with the complaint.

The appellees alleged full performance of all the conditions of the contract on their part to be performed and alleged that the appellant had failed and refused to convey said real estate and that on the 4th day of August, 1936, the appellant sold said real estate to other parties. The complaint prayed damages in the sum of $825.00. To this complaint the appellant filed an answer in three paragraphs. The first paragraph was in general denial; the second paragraph alleged a tender back of all that had been received under the terms of the contract; and the third paragraph set up a provision in the contract to the effect that "in the event title cannot be conveyed free and clear, the party of the first part reserves the right to return the down payment paid this date and this contract shall thereupon become null and void." The answer further alleged that the appellant was unable to convey said real estate free and clear of encumbrances and had offered to return the down-payment. To these affirmative para-

graphs of answer a reply in general denial was filed. The case was submitted to the court for trial without a jury and the court made a special finding of facts and stated its conclusions of law thereon. Judgment was subsequently rendered on the conclusions of law in favor of the appellees for the sum of $400.00. A motion for new trial was filed challenging the sufficiency of the evidence to sustain the findings of fact. This motion was overruled and this appeal has been perfected. The appellant assigns as error in this court error in each of the conclusions of law numbered from 1 to 5 and error in overruling appellant's motion for new trial.

The court in its findings of fact found that the parties hereto had entered into the contract as set forth in the complaint and as a part of the contract there was embodied the following provisions:

"It is mutually understood and agreed by and between the parties hereto that party of the first part shall convey by warranty deed and abstract of title, continued to date, showing title to be free and merchantable, subject to taxes, payable in May, 1937, and all taxes thereafter. It is mutually understood between the parties hereto that for the moment party of the second part has but $975.00 in addition to the down payment referred to herein, therefore, it will be necessary to negotiate a mortgage in the amount of $1,800.00; said mortgage to be negotiated by party of the first part, subject to the approval of the party of the second part. It is further mutually understood and agreed that if the party of the first part is unable to negotiate a loan to the satisfaction of the party of the second part in the event title cannot be conveyed free and clear, thence party of the first part reserves the right to return the down payment paid this date and this contract shall thereupon become null and void."

The court further found that on July 7, 1936, the appellant directed the appellees to apply to the First

Federal Savings and Loan Association for a loan of $1,800.00, and that such application was made. The court further found that the loan association was unwilling to consummate said loan until the appellees were in possession of the premises and that the appellant accordingly asked that a contract be prepared, placing the deed and the remainder of the purchase price in escrow until possession could be obtained. Such a contract was prepared but never executed.

The court further found that on the 27th day of June, the real estate in question was occupied by a tenant named Henry J. Poznanski, and on the 17th day of July, 1936, the appellant filed suit against the tenant for possession. Judgment for such possession was procured on July 22nd. The court further found that possession was never tendered to the appellees, and on August 4, 1936, the appellant sold and conveyed by warranty deed the real estate in question to Henry J. Poznanski and wife. The court found further that the appellees were at all times ready, able and willing to perform their part of the contract, that the appellant has failed and refused to carry out its part of the contract, that the real estate in question was of the value of $3,200.00, and that the difference between the contract price and the fair cash market price was $400.00.

On these facts the court stated its conclusions of law as follows:

"1st. The court concludes the law to be that the defendant did not negotiate a loan for the plaintiffs, as provided in the contract set out in Finding No. 2.

"2nd. The court concludes the law to be that defendant failed and refused to carry out its part of said contract set out in Finding No. 2.

"3rd. The court concludes that time to pay the purchase price under said contract was not essential and was never made so by the parties.

"4th. The court concludes the law to be with the plaintiffs.

"5th. The court further concludes that the plaintiffs have been damaged in the sum of Four Hundred ($400.00) Dollars, and that they should have a recovery of and from the defendant, for said sum of Four Hundred ($400.00) Dollars as for damages herein, together with the costs of this action."

By the first five assignments of error, each of these conclusions of law is challenged respectively.

The appellant contends that the conclusion of law No. 1 is erroneous for the reason that it constitutes a finding of fact. The same objection is made to the 2nd and 3rd conclusions of law. The appellee for sake of argument concedes that the 1st, 2nd, and 3rd conclusions of law are in effect findings of fact. The appellee contends however that the 4th conclusion of law is sufficient to support the judgment entered thereon, and the 5th conclusion is ample upon which to fix the measure of damages. The appellant insists that the 4th conclusion of law is erroneous because it is not supported by sufficient facts. It is contended that a special finding that the appellees had paid or tendered the $975.00 mentioned by the terms of the contract was necessary to support this conclusion; that it was further necessary that the court find that the appellant was able to negotiate the mortgage loan and to convey said real estate by a title free and clear of encumbrances.

The court found by its special finding of fact No. 8 that the appellees were at all times ready, able and willing to perform and carry out the terms of their contract. The appellant contends however that there is no evidence to support this finding, in that the evidence fails to show that the appellee either paid or

tendered the payment as required in the written contract, within the time fixed for performance.

The contract was executed on the 27th day of June, 1936, at which time $25.00 was paid down and it was provided that the balance of $2,775.00 should be paid on or before ten days. However, $1,800.00 of this amount was to be obtained from a loan secured by a mortgage which the appellant was to negotiate. There is testimony that on July 6, 1936, the president of the appellant directed the appellees to take their $975.00 in cash to the First Federal Savings and Loan Association and there sign an application for the loan. This was done by the appellees and the First Federal Savings and Loan Association refused to accept the money and to negotiate the loan until the appellees were in possession of the real estate. On July 8, 1936, the president of the appellant suggested that the $975.00, together with a deed to the real estate, be placed in escrow, pending the time required to secure possession of the real estate. Such an agreement was prepared by the appellees and tendered to the appellant for signature. This agreement the appellant refused to sign but assured the appellees that they would take steps immediately to obtain possession of the real estate and a suit was instituted for that purpose. Nothing further was ever done by the appellant toward negotiating the mortgage loan and shortly thereafter they disposed of the real estate to another purchaser. It is apparent under these facts that the appellant itself did not perform the conditions of the contract on its part to be performed within the ten-day period, and it is further apparent that at that time the appellant did not regard time as of the essence of this contract. The time fixed for performance of a contract may be waived by the parties. 17 C. J. S. 1080.

The appellant, having failed to negotiate the loan for a part of the purchase price as agreed upon, is not now in a position to complain that the appellees should have tendered payment according to the terms of the contract. *Walcis* v. *Kozacik* (1927), 86 Ind. App. 484, 156 N. E. 589. The rule is well settled that ". . . no one who waives or dispenses with the performance of a contract can rely on a failure to perform it, either as a defence or a cause of action, for no one can complain of a default which he has caused or sanctioned." *Pitts, Admr.* v. *Pitts* (1863), 21 Ind. 309, 313; 17 C. J. S. 998, § 493.

The appellant further contends that the court's conclusion of law No. 5 to the effect that "the plaintiffs have been damaged in the sum of $400.00" is a finding of fact and not a conclusion of law and must therefore be disregarded. The court found by its finding of fact No. 10:

". . . that on the 4th day of August, 1936, the fair cash market value of the real estate described in Finding No. 2 was three thousand two hundred ($3,200.00) dollars. That the sale price of said real estate as agreed upon by the parties in said contract was two thousand eight hundred ($2,800.00) dollars, and that the difference between the contract price and the fair cash market value of said real estate was and is four hundred ($400.00) dollars."

From this finding of fact, it is apparent that but one conclusion can be drawn therefrom, and a recital of these facts leads to but one result, i. e., that the appellees were damaged by the breach of contract in the sum of $400.00. This is an ultimate fact and on appeal will be treated as found by the trial court. The rule is that:

"Where the primary facts found lead to only one conclusion, or where the primary facts found are of such a character that they necessitate the inference of an ultimate fact, such ultimate fact will be treated as found by the trial court and sufficient on appeal. In such instances the facts are sufficiently found, though there may be a technical defect of statement in the finding." *Harris* v. *Riggs* (1916), 63 Ind. App. 201, 208, 112 N. E. 36; *Bryant* v. *Barger* (1939), 106 Ind. App. 245, 18 N. E. (2d) 965.

The appellant further contends that the conclusion of the court as stated in conclusion of law No. 5, that the plaintiff "should have a recovery of and from the defendant for the sum of $400.00 as damages herein" is unsupported by the necessary finding of facts. The appellant contends that there is no special finding to the effect that the appellees were damaged in the sum of $400.00. As heretofore indicated, it is our opinion that the court's finding of fact No. 10 is sufficiently definite upon which to predicate an award of damages.

The appellant further contends that the court's finding of fact No. 5 is erroneous in that the modification of the original contract was not founded upon a valuable consideration and being in parol was within the statute of frauds. We cannot agree with this contention. The court's finding of fact No. 5 was merely a recital of the things done by the parties with reference to the performance of the contract. The facts as found do not constitute a modification of the original contract but are at most only evidence of a waiver by the parties of the time fixed for performance.

The payment of the balance due on the purchase price of $2,775.00 was to be made within ten days from June 27, 1936. Of this amount the appellant was to procure $1,800.00 by the negotiation of a mortgage. The provision for the payment of

the full amount of the purchase price in cash within the ten-day period was for the benefit of the appellant. Having failed to negotiate the loan for the appellees within the time fixed, the appellant cannot insist on a payment of the $975.00 as a condition precedent to the right of the appellees to maintain an action for damages. "Where both parties to a contract fail to perform their mutual covenants on the day named, they will be held to have waived its strict performance as to time, although it will be unimpaired as to its effect." 17 C. J. S. 1080. There was ample evidence to show that the parties hereto had waived the time fixed for performance and such evidence sustains the finding of the court to the effect that the appellees performed all the conditions of the contract on their part to be performed. *Cook & Berheimer Co.* v. *Hagedorn* (1924), 82 Ind. App. 444, 131 N. E. 788.

Inability of the appellant to negotiate the mortgage loan was a matter of defense and the burden of establishing such fact was upon the appellant. There is no evidence in the record that the appellant was unable to negotiate a loan nor is there any evidence that it was unable to convey a merchantable title. The record discloses no effort on the part of the appellant after judgment for possession was obtained against the occupying tenant to complete its contract with the appellees. In fact, the appellant rendered performance impossible on its part by conveying the premises to another on August 4, 1936. Such conduct on the part of the appellant makes tender of performance unnecessary on the part of the appellee before instituting an action for damages. *Sabaugh* v. *Schrieber* (1928), 87 Ind. App. 588, 162 N. E. 248; *Fast* v. *Baker* (1921), 76 Ind. App. 677, 131 N. E. 57.

Other questions raised by the appellant in its motion for new trial we deem unnecessary to discuss. The court did not err in its conclusions of law and there was no error in overruling the appellant's motion for new trial.

The judgment of the trial court is affirmed.

NOTE.—Reported in 27 N. E. (2d) 111.